FRANK NAHSER, Appellee, *vs.* THE CITY OF CHICAGO *et al.*
Appellants.

*Opinion filed December 22, 1915—Rehearing denied Feb. 3, 1916.*

1. MUNICIPAL CORPORATIONS—*statute authorizes a city to regulate and suppress amusements.* Clause 41 of paragraph 62 of the Cities and Villages act, authorizing cities to license, tax, regulate and suppress exhibitions, shows and amusements, gave to cities all the power which the State possessed in that respect, and was not intended to apply only to such exhibitions, shows and amusements as are nuisances, notwithstanding the language of clause 58 of said paragraph, which gives cities power to regulate, but not to prohibit, places of amusement.

2. SAME—*city may prohibit picture show within two hundred feet of church.* The power of a city to prohibit amusements does not include all amusements but only such as come within the legitimate exercise of the police power; but this includes the power to prohibit, by ordinance, a moving picture show within two hundred feet of a church.

COOKE, J., dissenting.

APPEAL from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding.

RICHARD S. FOLSOM, Corporation Counsel, (LEON HORNSTEIN, and FREDERICK A. BROWN, of counsel,) for appellants.

SONNENSCHEIN, BERKSON & FISHELL, for appellee.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

Appellee, Frank Nahser, brought an action of *mandamus* against the city of Chicago and the mayor and clerk thereof, to compel them to issue to him a license to conduct a motion picture show. Appellee is the lessee of a building at Fifty-third street and Harper avenue, in the city of Chicago. The adjoining premises on the west are the property of the First Presbyterian Church of Hyde Park.

The church edifice and buildings attached occupy the property of the church up to the building in which it is proposed to conduct a motion picture show and have so occupied said premises for forty years. The building in which it is proposed to conduct the show has been constructed within the last two years. At and before the time the permit was applied for and issued for the construction of the building there was an ordinance in force in the city of Chicago classifying entertainments for which the public was required to pay an admission fee, into twenty-one classes, and requiring licenses for their operation. One of the provisions of the ordinance is, that none of the entertainments so classified "shall be produced, offered, presented or carried on within two hundred feet of any hospital, church or building used exclusively for educational purposes." Notice of this ordinance and that a license would be refused for the carrying on of an entertainment in the building contrary to the provisions of the ordinance was stamped upon the building plans at the time permission was given to construct the building. The answer avers that a kindergarten is conducted in a building between the church auditorium and the building where it is proposed to conduct the picture show; that children of tender years are taught in said kindergarten; that there are services in the church daily; that it has a membership of 900; that about 500 children attend the Sunday school and a large number attend the kindergarten, and that a motion picture show in the building leased by appellee would interfere with the services in the church and annoy persons attending the same. The wall between appellee's building and the church, as alleged in the petition, is thirty-six inches thick and sound-proof. Appellee's contention is that the city was without power to adopt the ordinance, and that, in so far as it purports to authorize the city to prohibit his carrying on the proposed show, it is invalid. To the answer to the petition, which set up and relied upon the ordinance as justifying the refusal to grant

271 — 19

the license, a demurrer was interposed by appellee and sustained by the court. Appellants electing to stand by their answer, judgment was rendered for the petitioner and the peremptory writ of *mandamus* awarded. Appellants prayed an appeal, and the trial court certified the validity of a municipal ordinance was involved and the public interest required the appeal to be taken directly to the Supreme Court.

The sole question to be determined is the validity of the ordinance prohibiting amusements for which the public is required to pay an admission fee, within two hundred feet of a church. It is not disputed that the building in which it is sought to conduct a motion picture show is within two hundred feet of a church, but it is claimed the city had no power to prohibit the show and that the ordinance is invalid.

Appellee insists that clause 41 of paragraph 62 of the Cities and Villages act (Hurd's Stat. 1913, p. 272,) delegates power to cities to regulate and prohibit amusements, but that the power to regulate places of amusement is found in clause 58 of said paragraph and does not include the power to prohibit; that clause 41 relates to the amusements themselves, while clause 58 deals with the buildings or places where amusements are conducted, and from this it is argued it was intended the power to prohibit should apply to amusements of an objectionable character but not to amusements objectionable on account of the place where they are conducted.

Clause 41 confers upon the city council the right "to license, tax, regulate, suppress and prohibit * * * theatricals and other exhibitions, shows and amusements, and to revoke such license at pleasure." Clause 58 grants the power "to regulate places of amusement." The power to regulate does not include the power to prohibit. (*People* v. *Busse,* 240 Ill. 338.) Assuming clause 58 relates to places of amusement and not to amusements themselves, and that under it no power is given to prohibit amusements on account of location, what effect and meaning are to be

given to clause 41? Taking appellee's view as correct, the power to prohibit amusements could only be exercised because of the character of the show,—that is, because it is a nuisance. But, independently of clause 41, cities possessed the power to prohibit nuisances, and it could not have been enacted for the purpose of granting them that power. If it be said such shows cannot be prohibited where their proximity to a church, school or hospital interferes with such church, school or hospital's use and enjoyment, or that the city has no power, under any circumstances, to prohibit shows because of the places where they are carried on, then the power granted by clause 41 to prohibit would seem meaningless. Clause 41 gave cities all the power the State had to do the things purported to be authorized by said clause, subject to no limitations except those imposed by the constitution upon the legislature. (*Metropolis Theatre Co.* v. *City of Chicago,* 246 Ill. 20.) It follows, if the legislature had the power to pass an act prohibiting amusements of the character under consideration within two hundred feet of a church, that power was granted to the city council. The legislature had not the power to pass an act prohibiting all amusements, but only such as came within the legitimate exercise of the police power. Would it have been a legitimate exercise of that power for the legislature to have enacted a law prohibiting a motion picture show within two hundred feet of a church? We are of opinion the answer must be in the affirmative.

Under what circumstances or conditions the police power of the State may be exercised was defined in *City of Chicago* v. *Netcher,* 183 Ill. 104, as follows: "In order to sustain legislative interference with the business of the citizen by virtue of the police power it is necessary that the act should have some reasonable relation to the subjects included in such power. If it is claimed that the statute or ordinance is referable to the police power, the court must be able to see that it tends in some degree towards the pre-

vention of offenses or the preservation of the public health, morals, safety or welfare. It must be apparent that some such end is the one actually intended and that there is some connection between the provisions of the law and such pur-pose. If it is manifest that the statute or ordinance has no such object, but, under the guise of a police regulation, is an invasion of the property rights of the individual, it is the duty of the court to declare it void."

It is apparent that a motion picture show within two hundred feet of a church having a large membership, a large Sunday school and daily services will be an interference with and an annoyance to religious worship. Interference with or the disturbance of the people engaging in religious worship may be prohibited under the exercise of the police power. (*Meyers* v. *Baker,* 120 Ill. 567.) In that case it was held an act of the legislature prohibiting the establish-ment of a tent or booth within a certain distance of a camp or field meeting, for the sale of provisions or refreshments, without the permission of the authorities having charge of such meeting, was a valid police regulation; and in *McPher-son* v. *Village of Chebanse,* 114 Ill. 46, an ordinance pro-hibiting keeping open places of business on Sunday was sustained on the same ground. In *People* v. *Ericsson, 263* Ill. 368, the court considered the validity of an ordinance declaring it unlawful to locate, build or maintain a garage within two hundred feet of any building used for a hospital, church or school, or in any block in which two-thirds of the buildings on both sides of the street are used exclusively for residence purposes, without securing the written consent of a majority of the property owners, according to front-age, on both sides of the street. The ordinance was held valid, and the court said: "The place where it was pro-posed to erect this structure is also within two hundred feet of a church, and it is contended that this provision of the ordinance is an unreasonable restriction. The conduct of the affairs of a church, with its various meetings and as-

semblies in carrying out the purposes for which it is organized, is of such a character that a city is warranted in making such a restriction. The conduct of the business of a public garage would be as offensive to the members of a church as it would be to the occupants of a private residence and would affect their comfort and welfare to the same extent."

While the business of keeping a dram-shop is not a common law right and can be engaged in only in the manner and upon the terms prescribed by statute, the power granted municipalities to license, regulate and prohibit the selling or giving away of intoxicating liquors has been held to confer the power to prohibit a dram-shop on premises adjoining a public school, (*Harrison* v. *People,* 222 Ill. 150,) and to prohibit them in a district designated or limit the number in a certain district. (*Swift* v. *People* 162 Ill. 534; *People* v. *Cregier,* 138 id. 401.) In the case last cited the court said: "Again, the proximity of premises to a church, seminary, school house, hospital, cemetery or other public or private institution may undoubtedly be a good reason for including such premises in a district from which dram-shops are excluded."

We are of opinion the State had the power to prohibit, by law, a motion picture show being conducted within two hundred feet of a church and that by clause 41 it granted that power to cities, and the ordinance in question was not an unreasonable exercise of that power.

The judgment is reversed and the cause remanded, with directions to overrule the demurrer to the answer.

*Reversed and remanded, with directions.*

Mr. JUSTICE COOKE, dissenting.