HENRY J. TRAINOR et al., complainants-respondents,

*v.*

ROSE LEBECK et al., defendants-appellants.

[Argued May 25th, 1927. Decided October 17th, 1927.]

1. A decree of the court of chancery must conform to the case made by the pleadings as well as to the proofs.

2. A bill filed to enforce a restrictive covenant in a deed, which provides for a single dwelling house to be devoted exclusively to private dwelling house purposes, does not include a boarding house. The distinction between a boarding house and a private dwelling house pointed out.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Ingersoll, whose opinion is reported in *99 N. J. Eq. 673.*

*Mr. Emerson L. Richards,* for the appellants.

*Messrs. Thompson & Hanstein,* for the respondents.

The opinion of the court was delivered by

BLACK, J.

The bill in this case was filed for an injunction to enforce a covenant contained in the title deeds to the premises No. 109 South Dover avenue, Atlantic City. The covenant in controversy reads as follows:

"That no building or buildings shall be erected upon the above-described premises except a single dwelling house to be devoted exclusively to private dwelling house purposes. A brick or stone private garage excepted."

The bill charges that the defendants, or one of them, in conducting and maintaining upon the premises a boarding

or lodging house, wherein boarders and lodgers are accepted by them at stipulated prices, and are using the premises so owned by them for boarding or lodging house purposes. An injunction is prayed for, that it may issue to restrain the defendants from conducting upon their premises a boarding or lodging house and to restrain them from a violation of the restriction in the above respects.

That was the sole issue persented by the pleadings and the proofs.

The vice-chancellor before whom the case was heard, in a resume of the testimony, said: "Therefore, it comes right down to one point in my mind—does the use of a house in the manner indicated, &c., constitute that house a boarding house?" Then, at the conclusion of the findings, he further said: "I find that the defendants are not operating an inn or tavern, nor are they conducting a boarding house; but I am convinced that the use of the premises as made by them is a violation of the restrictive covenants." The question therefore may be properly asked in what way, as a fact, are the defendants violating the restrictive covenants, if they are not keeping a boarding house? The only issue made by the pleadings and the proofs. The decree provides: "That the defendants be and they hereby are enjoined and restrained from the use of the premises dscribed in the bill of complaint, except exclusively for private dwelling house purposes."

The record shows the decree is not supported by the findings of the learned vice-chancellor. It is elementary and settled beyond discussion, a decree must be based upon the findings of fact, as made by the court, and without such findings the decree cannot stand. The decree must conform to the case made by the pleadings as well as to the proofs. *Wood* v. *Cox, 92 N. J. Eq. 307; Black* v. *Keiley, 23 N. J. Eq. 358; 3 N. J. Dig. Ann. 4786 § 335 A.*

The decree will, for this reason, be reversed.

But as the case must go back to the court of chancery, it may not be amiss to point out the clear and sharp distinction made by the supreme court of Maine, in the case of *Robbins* v. *Bangor Ry., &c., Co., 100 Me. 496, 497*, between a boarding

house and a private dwelling house. Thus, the test is whether the petitioners' tenant occupied the house as a home for himself and his wife and children, and incidentally kept boarders also, or whether he occupied it as a place for carrying on the business of keeping boarders, although, while prosecuting the business and as a means of prosecuting the business, he and his wife and children live in the house also. Under this test, neither the size of the house nor the number of the boarders are of importance, except as evidence, that may have weight in determining which is the principal use for which the building is occupied.

The decree of the court of chancery is reversed.

*For affirmance*—TRENCHARD, WHITE, VAN BUSKIRK, HETFIELD, JJ. 4.

*For reversal*—THE CHIEF-JUSTICE, BLACK, KATZENBACH, CAMPBELL, LLOYD, McGLENNON, KAYS, DEAR, JJ. 8.