Nina W. Metcalf, et als.      vs.     Eq. No. 9798. Sam Gordon, et als.

January 31, 1930.

BAKER, J. Heard on bill, answer and proof.

The facts in this case were set out quite fully in a previous rescript.

The complainants are attempting to prevent the use as a rooming house of certain premises located at 221 Angell Street in the city of Providence and occupied by certain respondents. The complainants' claim is based upon two grounds, first, that the use constitutes a nuisance, and, secondly, that it is in violation of certain provisions of the zoning ordinance of the city of Providence.

It is undisputed that the respondents obtained the property in question after the passage of said ordinance and with at least constructive knowledge of its provisions.

In the opinion of the Court evidence is lacking to show that the premises as used constitute a private nuisance. The house is apparently conducted in an orderly way and occupied by respectable people.

It appears that the property of all the parties in interest is situated in what is known as a dwelling house district under the zoning law. On either side of the respondents' premises are those of the complainants. No mention of a rooming, lodging or boarding house appears in Section 2 of the ordinance relating to a dwelling house district. Section 4 of the ordinance deals with accessory uses in residence districts and contains the following sentence: "In a dwelling or apartment occupied as a private residence, one or more rooms may be rented or table board furnished." In this connection it may be noted that no numerical limit is apparently placed on the number of rooms which can be rented. In Section 28 of the ordinance,

which deals with definitions, subsection 16 provides as follows: "An 'accessory use' or building is a subordinate use or building customarily incident to and located on the lot occupied by the main use or building."

It seems quite clear that in attempting to construe the zoning ordinance it is necessary to consider the various sections and parts which are related and which deal with the same subject matter, in order to give the proper effect to the whole. One sentence can not be selected and passed on as if standing alone.

The first important question to be considered would seem to be whether the use made of the respondents' premises, as shown by the evidence, comes within the definition of "accessory use" as set out in the ordinance, because it would seem that only as an accessory use can rooms be rented in a private residence in a dwelling house district. In this case the testimony shows that the house consists of three floors with four rooms on each floor. The respondent Mrs. Charron, the lessee, and her son occupy the first floor as their home. They have a kitchenette and eat meals in the apartment. Certain evidence in the case leads the Court to believe that, if opportunity offers, they would rent one of these rooms on the first floor while the son, who is a travelling salesman, is away, although this is not the situation at present.

The second and third floors of the house, comprising eight rooms, are all rented to different persons, chiefly students and teachers. One room on the second floor is occupied by a dressmaker who has many visitors evenings.

Under the lease Mrs. Charron pays $135 a month as rent and furnishes heat and light to her roomers. Before coming to Providence she conducted a rooming house in Springfield, Mass., for about nineteen years. From the present occupants of the second and third floors she obtains something over $200 a month in rentals.

With these facts not disputed and from all the surrounding circumstances as revealed by the evidence, the Court is clearly of the opinion that the renting of rooms in this case is not an "accessory use" within the meaning of that term as defined by the zoning ordinance. It seems plain that the renting is not the subordinate use customarily incident to the main use of the property, but in itself actually constitutes the chief use of the house. This is not the case of a house-owner renting a few rooms as an incident to the maintaining of a home. Unquestionably the lessee, who has only recently come to Providence, is engaged in the business of renting rooms and conducting a rooming house.

The respondents contend that as the zoning ordinance is in derogation of their common law rights in connection with the use of their property, it should be strictly construed. The Court believes that this contention is sound. At the same time, if the ordinance is to be given effect, it should be reasonably and sensibly construed.

After careful consideration the Court finds that the intent and meaning of the zoning law is being violated by the respondents in connection with the renting of rooms.

The complainants have referred to several cases dealing chiefly with building restrictions, covenants in leases or deeds, and the like, in which it has become necessary for the Court to pass upon what constitutes a private residence or a dwelling house. Most of these cases support the complainants' contention that under such a set of facts as appears in the case at bar the property would not be termed a residence or dwelling.

*Dingeman* vs. *Boerth's Estate*, 239 Mich. 234;

*Robbins* vs. *Bangor Rwy. & Electric Co.*, 100 Me. 496;

*Trainor* vs. *Le Beck* (N. J.) 139 Atl. 16;

*Gannett* vs. *Albree*, 103 Mass. 373;

*Taylor* vs. *Lambert*, 279 Pa. 514.

In this State it has been held that the general enabling act empowering cities to pass zoning ordinances is valid.

*City of Providence* vs. *Stephens*, 47 R. I. 387.

Our Court has also had occasion to pass upon the reasonableness of the action of zoning boards of review in cases where such boards have had power to exercise their discretion.

*Sundlun* vs. *Zoning Board of Review*, (R. I.) 145 Atl. 451;

*Richard* vs. *Zoning Board of Review*, 47 R. I. 102.

In the case of *City of Syracuse* vs. *Snow*, 205 N. Y. Supp. 785, the Court held that a sorority or chapter house was not a business but that its members were in the nature of a family and that the maintaining of such a house was not in violation of certain zoning regulations of the city of Syracuse.

The respondents cited to the Court the following cases:

*Bjork* vs. *Safford*, 333 Ill. 355;

*City of Wilmington* vs. *Turk*, 14 Del. Chancery 392;

*Goldman* vs. *Crowther*, 147 Md. 282.

These cases deal almost entirely with constitutional questions relating to zoning laws and are, therefore, not applicable to this hearing. Of course, the question of the constitutionality of the sections of the zoning ordinance involved herein is not before this Court. Whether it is constitutional to limit the renting of rooms in houses in residence districts to accessory use as defined by the ordinance can not be decided here.

One of the objects of the zoning ordinance, as set out in Sec. 1, is to promote the general welfare of the community. This term is very broad in its scope and would seem to include the maintaining of property values which affect taxation as a whole, the preventing of undue depreciation, and the preservation of certain districts in the city for specific purposes, such as for residences. Aside from any constitutional question, the portions of the zoning ordinance herein involved, providing that the district where the property in question is situated should be restricted to dwelling houses with such accessory use as the ordinance contemplates, seem to the Court to be a reasonable exercise of the power placed in the city council.

The matter is to some extent one of degree, but the Court is satisfied that on all the evidence the complainants are entitled to the relief prayed for in regard to the renting of rooms in the premises in question. The prayer for an injunction in that respect is granted.

For complainants: Edwards & Angell.

For respondents: Robinson & Robinson.