(No. 26151.—■■■■■■■)
THE VILLAGE OF LA GRANGE, Appellant, *vs.* OLIVE LEITCH, Appellee.

*Opinion filed June 17, 1941.*

Grover D. Rose, for appellant.

Edward H. S. Martin, for appellee.

Mr. Justice Murphy delivered the opinion of the court:

The appellee, Olive Leitch, was tried in a police magistrate court for a violation of the zoning ordinance of the village of La Grange. She was found guilty of maintaining a business office in a district zoned for "B" residence purposes and a fine of $20 and costs was imposed. On appeal, the criminal court of Cook county, in a trial before the court without a jury, sustained the appeal and ordered that the appellee be discharged. The case is here on direct appeal, the trial court having certified that the validity of a municipal ordinance is involved and that the public interest requires a direct appeal to this court.

The village of La Grange is a residential village suburban to Chicago and has a population of approximately 10,446 inhabitants. The zoning ordinance adopted by the village in 1923 zoned the district in which appellee's lot is located for "Class B residential" uses only. Section 1668 of the ordinance, relating to "Class B" residential district regulations, provides that property in such an area may only be put to the following uses: Two-family dwellings, boarding and lodging houses, private clubs not used for hotel purposes, institutions of an educational, philan-

thropic or eleemosynary nature, greenhouses (subsequently amended to permit only greenhouse uses existing at the time of the amendment), and hospitals. The section also permits the uses allowed under section 1677 which relates to "Class A" residence property and which provides that property may be used for: Single-family dwellings, libraries and public museums, churches and temples, schools and colleges, parks, recreation buildings and country clubs not conducted as a business or for profit, farming, truck gardening and nurseries, (subsequently amended to permit only farming, truck gardening and nursery uses existing at the time of the amendment), temporary buildings and uses for construction purposes, for a period of not to exceed one year, and accessory uses incident to the above.

The principal facts were stipulated. The property in question is located at the northwest corner of Cossitt and Edgewood avenues in the village of La Grange. Cossitt avenue runs east and west and forms a boundary line of "A" and "B" residential districts in the village. Property situated south of Cossitt avenue is zoned for "A" residential uses, and the property north of Cossitt is zoned for "B" uses. Edgewood avenue runs north and south and becomes a dead-end street just north of Cossitt. About 100 feet east of this intersection, and on the north side of Cossitt avenue, is a two-apartment building, and, generally, this side of Cossitt avenue east of Edgewood avenue is devoted to apartment uses. The south side of Cossitt avenue is only partly built up and is improved with one-family dwellings. The entire block northwest of the intersection of Cossitt and Edgewood avenues is vacant, except for the appellee's automobile trailer which is parked on the corner lot in this block abutting Cossitt and Edgewood avenues. The appellee owns this corner lot, five other lots in the same block, and approximately fifty in the subdivision. It is stipulated that the use she makes of the trailer is as an office in connection with the sale of her lots.

Every owner has the right to use his property in his own way and for his own purposes, subject only to the restraint necessary to secure the common welfare. (*Bjork* v. *Safford,* 333 Ill. 355; *Haller Sign Works* v. *Physical Culture Training School,* 249 id. 436.) This privilege is both a liberty and a property right, but it is subject always to the exercise of the police power. (*Ruhstrat* v. *People,* 185 Ill. 133.) Under the police power, cities and villages have the right to adopt zoning ordinances imposing reasonable restraints upon the use of private property. (*Village of Euclid* v. *Ambler Realty Co.* 272 U. S. 365, 71 L. ed. 303; *City of Aurora* v. *Burns,* 319 Ill. 84.) The police power is, however, limited to enactments having reference to the public health, safety, morals or general welfare. (*Johnson* v. *Village of Villa Park,* 370 Ill. 272; *Catholic Bishop of Chicago* v. *Kingery,* 371 id. 257.) A zoning ordinance which restricts the property rights of individuals without having any direct substantial relationship to the promotion of public health, safety, morals or welfare is invalid. (*Forbes* v. *Hubbard,* 348 Ill. 166; *State Bank and Trust Co.* v. *Village of Wilmette,* 358 id. 311; *Taylor* v. *Village of Glencoe,* 372 id. 507; *Harmon* v. *City of Peoria,* 373 id. 594.) Whether the ordinance has a real, substantial relation to the public health, comfort, safety or welfare, or is arbitrary or unreasonable, is a question which is subject to review by the courts. (*Western Theological Seminary* v. *City of Evanston,* 325 Ill. 511; *Merrill* v. *City of Wheaton,* 356 id. 457.) Each case must be determined upon its own peculiar facts. The general scheme of a zoning ordinance may be valid, yet, when applied to a particular piece of property and a particular set of facts and circumstances, it may be so arbitrary and unreasonable as to result in a confiscation of the property. In that situation, as applied to such designated real estate, the ordinance is void. *People* v. *City of Rockford,* 363 Ill. 531; *Ehrlich* v. *Village of Wilmette,* 361 id. 213.

The determinative issue in this case is whether the restrictions contained in section 1668 of the zoning ordinance are arbitrary and unreasonable when invoked to prohibit appellee's use of this corner lot by placing a trailer thereon and using it as an office and headquarters for the sale of this lot and other lots owned by her in the subdivision.

In *Johnson* v. *Village of Villa Park, supra,* we held that a zoning ordinance of the village of Villa Park defining "Class B residential" uses, identical except as to immaterial matters to the ordinance now before us, was void on the ground that there was no valid distinction or reasonable basis for the attempted classification of uses, and that the ordinance, therefore, was arbitrary, capricious, unreasonable and void, bearing no relation whatever to the public welfare. The same reasoning applies to this case.

The restrictions contained in this zoning ordinance are directed at the permanent use to which the property in the various zones is to be devoted. To sustain such regulation as a valid exercise of the police power such restrictions must bear a substantial relation to the public health, safety, morals or general welfare. Photographs of the trailer, the lot on which it is located and the lots adjacent are in the record. The trailer rests on wheels and except for a small sign with the word "office" above the door and a small sign board attached to a stake driven in the ground near the trailer, there is nothing to indicate it was used for an office. There are some stepping-stones leading from the street to the trailer and, except for these, there are no improvements on the lot around the trailer. In view of the circumstances shown, and the limited use appellee makes of the trailer, it cannot be said that the zoning ordinance restrictions, as applied to this trailer, bear any relation to the betterment of the health, safety or welfare of the public.

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*