(No. 28365.—

JOHN H. S. LEE *et al.,* Appellees, *vs.* THE CITY OF CHI-
CAGO *et al.,* Appellants.

*Opinion filed May 23, 1945.*

BARNET HODES, Corporation Counsel, (J. HERZL SEGAL,
LOUIS H. GEIMAN, and SYDNEY R. DREBIN, of counsel,)
all of Chicago, for appellants.

JOHN H. S. LEE, of Chicago, for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

Appellees filed in the superior court of Cook county a
complaint to restrain the defendants, the city of Chicago
and its commissioner of buildings, from enforcing an ordi-
nance providing, among other things, that no entertain

ments of certain classes designated "shall be produced, offered, presented, or carried on in any building not now devoted to such purposes within two hundred feet of any church, hospital or building used exclusively for educational purposes; said distance to be measured between the nearest point on the building within which it is proposed to produce, offer, present or carry on, such entertainment or entertainments and the nearest point on such church, hospital or building used exclusively for educational purposes." Issues were formed and evidence taken, and a decree was entered by the court ordering a writ of injunction to issue against enforcing the provisions of such ordinance by defendants, so far as it denies the right of the plaintiffs, or their lessees, to operate a theater upon the premises, and directing the commissioner of buildings to issue a permit. The trial court certified the validity of a municipal ordinance is involved in the case, and that in the opinion of the trial court the public interests require that an appeal be taken directly to this court.

The appellants contend a pure question of law, as to the validity of an ordinance prohibiting theaters within a given distance of a church or educational institution, is involved. Appellees contend the enforcement of the ordinance would deprive the appellees of the use of their property, and that, owing to the peculiar location and surroundings of the property involved, no justifiable reason exists why the police power should be invoked against them. In other words, they contend that the ordinance involved is valid in its general aspects, and invalid as to its application to the property of appellees. This contention upon the part of the appellees requires an examination of the facts.

There is no dispute but that there is an ordinance which has been in effect for many years, prohibiting the operation of a theater within two hundred feet of a church, hospital or building used for educational purposes, and which was in effect in the year 1919 when appellees ac-

quired the property in question. It is also admitted that in 1923 a general zoning ordinance was enacted which zoned the territory, where appellees' property is located, as a commercial district, and, among other things, permitted the location and operation of a theater.

The facts are substantially as follows: The property of plaintiffs is located approximately in the center of the block between Pearson street on the north and Chicago avenue on the south, and faces west upon Rush street. On the corner of Rush and Pearson streets to the north is located a seminary for the education of young men entering the priesthood. Chicago avenue and Pearson street run east and west; Rush street runs substantially north and south; a little over three hundred feet to the east is North Michigan avenue. Immediately to the north of the seminary is a tavern called "The Pit;" and to the north of that in the same block two other saloons. To the west side of Rush street, in the block occupied by appellees' property, are two saloons and one cocktail lounge; and immediately south of Chicago avenue on the corner is a room occupied by a saloon. Immediately south from the seminary across the street seventy feet away is a seventeen-story office building. All of these places of entertainment, except the one on the south side of Chicago avenue, are less than two hundred feet from the premises occupied by the seminary.

Appellees propose to use their premises for a theater, but there will be no opening to the public on Rush street, the plans calling for the use of property extending from Chicago avenue up to the south half of the west side of appellees' premises for a place of entrance and exit. As so planned, the entrance will be upon Chicago avenue approximately a block and one-half (certainly more than two hundred feet) from the seminary premises. There will be no exit upon Rush street except a fire-escape exit for emergency purposes. The premises at the present time

are occupied by three old brick buildings which produce a small amount of revenue. The construction of the theater, in addition to increasing the taxes, will give appellees about eight times as much return as in its present condition. Rush street is only three blocks long; Chicago avenue is a main east-and-west street, which intersects with North Michigan avenue about three hundred feet to the east. The seminary is raising no objection to the location of the theater as proposed by appellees, and while the north building line of appellees' lot is approximately one hundred forty feet from the seminary, the entrance to the proposed theater will be more than two hundred feet away; and all of the annoyance, noise, and crowd, which are reasons for its segregation, will be more than the required distance away.

Under these circumstances, the trial judge made a finding in the decree that the production and operation of a moving-picture theater, with an entrance and exit upon Chicago avenue, would not injure the safety, health, comfort or general welfare of the young men attending the seminary, and that the production and operation of said theater would not injure the safety, health, comfort, or general welfare of the public generally, and that while the ordinance in question was a valid one, with respect to its general operation, it was invalid and void in its application to the property of the plaintiffs in respect to operating a picture theater thereon.

From the foregoing, it can be seen that the only point for determination in this case is whether the enforcement of an ordinance, valid in its general aspect, may be unenforcible in its application to a particular property. Appellants cite *Nahser* v. *City of Chicago,* 271 Ill. 288, in which the validity of the distance ordinance in question was upheld, as being determinative of the issues here. That case merely upheld the validity of the ordinance as being one authorized by the powers delegated to a city, and applied it to a state of facts in which it was undoubt-

edly applicable. There can be no question but what the ordinance in its general application is valid, not only by virtue of the express authority granted to cities by the State of Illinois, but as a proper exercise of the police power. This, however, does not dispose of appellees' claim that, under the peculiar circumstances, the use to which they propose to put the property does not endanger the safety, health, comfort or welfare of the public.

It is elementary that the owner of property has the right to use it as he desires, limited only by the proper exercise of the police power. (*Village of La Grange* v. *Leitch,* 377 Ill. 99; *Bjork* v. *Safford,* 333 Ill. 355; *Haller Sign Works* v. *Physical Culture Training School,* 249 Ill. 436.) And for the same reason an ordinance restricting such general use of property can be sustained only as necessary for the public safety, health, comfort or welfare. If an ordinance restricting property rights does not have a direct relation to public safety, health, morals or welfare, it is invalid. (*Forbes* v. *Hubbard,* 348 Ill. 166; *Harmon* v. *City of Peoria,* 373 Ill. 594.) And, as pointed out above, the exercise of the police power may be proper in a general sense but may be unreasonable and confiscatory as applied to a particular property. *People ex rel. Kirby* v. *City of Rockford,* 363 Ill. 531; *Ehrlich* v. *Village of Wilmette,* 361 Ill. 213.

It is urged by appellants that most of the cases cited by appellees have reference to zoning ordinances, and that the statute authorizing zoning ordinances authorizes changes arising from particular or unusual circumstances. This is true, but it is to be remembered that the law with respect to the right to use property as one desires existed prior to the enactment of the zoning laws, and a general restriction of such use, without providing for relief in case where the police power did not justify the restriction, would have rendered the statute unconstitutional. (*Haller Sign Works* v. *Physical Culture Training School,* 249 Ill. 436.) It was

the law applying to the use of private property that required such a provision to be placed in the statute. The statute only recognizes the principle that has always been the law with respect to the use of private property, and hence the decisions thereunder are just as appropriate as would be other cases where zoning ordinances are not involved.

It is apparent from the undisputed evidence in the case before us that the purpose justifying the enforcement of the ordinance complained of has long since failed. The property in the immediate neighborhood of the seminary (which is not demanding its enforcement) consists of night clubs, taverns, meatshops, restaurants and similar enterprises, in addition to the seventeen-story office building immediately across the street. There are to be no street entrance signs, or other indicia of a theatre, within two hundred feet. The back walls, which would be against the seventeen-story building, are to be soundproof, and the entrance is to be upon Chicago avenue, a block and one-half away. The zoning ordinance permits theaters in the block in question with entrances upon Rush street. In this respect it is contradictory to the two-hundred-foot-distance ordinance. Businesses which appellants can require to be licensed are in far closer proximity to the seminary than any entrance to the appellees' property would be, and it would seem to us that the reason for the authorization of such ordinance, *viz.*, that it has a direct relation to the health, safety, morals or welfare of the public or of the young men of the seminary, has ceased to exist. The reason having ceased, the ordinance has no logical basis for enforcement other than that the property is within the technical terms of its provisions. Merely because the property is within the letter of the ordinance does not mean that it is still to be enforced even though the situation is outside the purpose of the law. Otherwise, discrimination would be present between classes of business

that are subject to police regulation without any substantial basis therefor.

It comes within that class of cases where an ordinance or law which may be valid as to one set of facts, may be invalid if applied to another particular 'state of facts. (*Dahnke-Walker Milling Co.* v. *Bondurant*, 257 U. S. 282, 66 L. ed. 239; *St. Louis, Iron Mountain and Southern Railway* v. *Wynne*, 224 U. S. 354, 56 L. ed. 799; *Village of South Holland* v. *Stein*, 373 Ill. 472.) Under the admitted facts here, the proposed use of the premises by appellees was a lawful purpose which did not justify the enforcement of the ordinance in question as an exercise of police powers.

We think the chancellor was correct in restraining the enforcement of the ordinance under the particular circumstances, and entering an order against appellants requiring them to issue a permit was proper. The decree of the superior court of Cook county is affirmed.

*Decree affirmed.*