(Nos. 30912, 30913, 30914, 30915, 30916.—

THE CITY OF CHICAGO, Appellee, *vs.* CHARLES CUDA, Appellant.

*Opinion filed May 19, 1949.*

382

CRAMPTON, J., took no part.

PAUL R. CONAGHAN, of Chicago, for appellant.

BENJAMIN S. ADAMOWSKI, Corporation Counsel, (L. LOUIS KARTON, and HARRY H. POLLACK, of counsel,) all of Chicago, for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

Appellant, Charles Cuda, was found guilty in the municipal court of Chicago of five separate violations of section 19 of chapter 100 of the Municipal Code of Chicago. The substance of the charge is that the appellant delivered coal belonging to the Union League Club, purchased in Hammond, Indiana, and delivered to the place of business of the club in the city of Chicago, without obtaining a weight certificate, as required by said ordinance. The court has certified that the validity of an ordinance is involved, and that the public interest requires it to be passed upon by this court. Appellant also claims that the ordinance is unconstitutional and void, and that appellant has been deprived of certain constitutional rights, any of which grounds properly preserved would give this court jurisdiction on direct appeal.

The facts disclose, with practically no dispute, that the Union League Club of Chicago was deprived of fuel for heating its twenty-three story building by reason of a strike of its employees, and the refusal, out of sympathy for the strikers, of union truck drivers to deliver coal to the club for heating purposes. Thereupon the club went to Hammond, Indiana, and purchased of John J. Brehm and Sons

Co., an old and established dealer, more than one hundred tons of coal in the pile, located in its yards in Hammond, Indiana. The coal was purchased by the Union League Club and paid for in Hammond. The Union League Club took possession in Hammond in the following manner: It employed appellant, doing business as National Coal and Ice Co., to cart the coal it had purchased of Brehm & Sons Co. from Hammond, Indiana, to its building in Chicago, at an agreed price of $5 per ton, and the club sent four of its members to the coalyards of Brehm & Sons Co., and these members rode upon a coal truck of appellant until the coal was delivered in Chicago. When the trucks arrived at the Union League Club building the drivers, employees of Cuda, were called upon for weight certificates, as required by said ordinance, and, having none, a charge was preferred against appellant for each load of coal delivered in the manner aforesaid, and upon trial he was found guilty in five separate cases, all of which were appealed to this court, and on motion consolidated for opinion.

The ordinance upon which the convictions were based is section 19 of chapter 100, which reads as follows:

"Every load of solid fuel of more than one thousand pounds, or of any other commodity, produce, or other article of merchandise sold in load lots by weight, delivered by vehicle within the city, shall be weighed by a public weighmaster. A certificate of weight for each such load, issued by such public weighmaster, shall be delivered by the driver or person in charge of the vehicle to the purchaser or consignee of such load, or to his or their agent, at the time of the delivery and before any of the commodity, produce, or article of merchandise is removed from the vehicle, or such certificates shall be delivered to the inspector of weights and measures, or any of his deputies upon his or their demand."

The position of appellant is: (1) The appellant does not come within the terms of said ordinance because he

never made a sale contrary to the provisions thereof; (2) that appellant was merely a hauler for the purchaser of the coal from one location *without* the city to another location of the purchaser *within* the city; (3) that the ordinance, if construed as applicable to the acts of appellant, is unconstitutional as depriving him of due process of law, or, under the special circumstances, has been given an unconstitutional effect.

Before discussing the grounds of appeal urged by appellant it is necessary that we consider the contention of the appellee that the facts cannot be considered in this court because the appellant does not argue that the judgments were against the manifest weight of the evidence. In this respect we think the appellee is mistaken. One of the assignments of error is that the judgment of the trial court is contrary to law and the manifest weight of the evidence. At the close of appellee's case a motion was made by appellant to discharge appellant for the reason the evidence was not sufficient as a matter of law to constitute a violation of the ordinance. And further, it appears it is the position of counsel for the city that all that is necessary to constitute a violation of the ordinance is the delivery of coal any place within the city, without having a weight certificate, regardless of whether there was a sale by appellant.

The position of the appellant was aptly analyzed by the trial court when he stated he understood the issue to be on the part of appellant that the club had a right to move its own coal, and if it obtained truckers for that purpose the latter were not guilty of violating the ordinance, and the position of the appellee, that under such circumstances the law required that appellant was necessarily required to dump the coal the moment he came within the city, and have it weighed, and obtain a certificate, or there would be a violation of the ordinance.

In view of the fact that the competent evidence in this case is practically undisputed, we think the real issue is one of law. The purchase of the coal in Hammond, Indiana, is not disputed by any competent evidence. It is true that the appellee had the testimony of a couple of police officers, who testified to conversations with the members of the Union League Club who accompanied the coal, but none with the appellant; nor do these conversations amount to any more than going to the weight of the testimony of the various members of the club, which, of course, would not be competent unless grounds for impeachment were properly laid. Section 92(3)(a) of the Civil Practice Act provides that this court, upon appeal, may consider any error of law affecting the judgment, decree or order appealed from in any civil case. (Ill. Rev. Stat. 1947, chap. 110, par. 216.) We think the record clearly presents an issue of law for our decision.

The validity of the ordinance under consideration as a general exercise of power by the city has been sustained in this court on at least two occasions, (*City of Chicago* v. *Wisconsin Lime and Cement Co.,* 312 Ill. 520; *City of Chicago* v. *Waters,* 363 Ill. 125,) in both cases the turning point being whether the sale of the commodity for which no weight certificate had been obtained had taken place within the city, and in each of these cases it was specifically found the sale of the commodity had occurred within the city of Chicago. Under these circumstances the ordinance was held valid. However, neither of these cases applied to sales or purchases outside of the city of Chicago, and the contention is made by appellant that, while the ordinance may be valid in prosecutions coming within the terms of the ordinance, *viz.,* sale and delivery within the city, it would have an unconstitutional effect if both of these conditions did not exist, and the sale in fact did not occur within the city. We have held many times that the fact

that an ordinance may be held valid generally does not prevent its being questioned under different circumstances. Thus, attack is not foreclosed when an entirely new factual situation, not covered by previous decisions, is presented. (*Parks* v. *Libby-Owens-Ford Glass Co.* 360 Ill. 130; *Boshuizen* v. *Thompson & Taylor Co.* 360 Ill. 160; *People* v. *Bruner*, 343 Ill. 146.) In the last-mentioned case it is said that although a statute has been inferred valid, and enforced over a considerable period of time, yet, where its constitutionality on the grounds charged has never been determined, the statute is subject to attack on constitutional grounds.

The particular ground or point argued in this case has never been before this court, and therefore is open to review. It is also subject to review under the familiar principle that an ordinance may be valid under one state of facts and invalid if applied to another state of facts. Thus, if a state of facts arises where the enforcement of the terms of an ordinance would violate the constitution, this court will take jurisdiction to prevent such statute or ordinance being given an unconstitutional effect. (*Lee* v. *City of Chicago*, 390 Ill. 306; *Progressive Party* v. *Flynn*, 400 Ill. 102; *Village of South Holland* v. *Stein*, 373 Ill. 472; *Dahbke-Walker Milling Co.* v. *Bondurant*, 257 U.S. 282, 66 L. ed. 239.) We are, therefore, of the opinion that the question urged by appellant is open for consideration.

Turning now to the provision of the ordinance which provides in substance: "Every load of solid fuel * * * sold in load lots by weight, delivered by vehicle within the city, shall be weighed by a public weighmaster." The language indicates that there must be a sale in load lots, and a delivery, both to be within the city. Appellee makes the contention that this language requires that a weight certificate shall be obtained where delivery is made within the city, regardless of where the sale might be made, or whether there was haulage of goods where no sale had been made.

The ordinance clearly indicates that a weight certificate must be obtained when there has been a buyer and seller, and delivery made by wheeled vehicle from one to the other. There is no provision in this ordinance that applies to an individual who moves his own goods from one place to another within the city, or from a place outside of the city to a point within it, or to a person who is hired to move them for him.

The entire argument of the appellee for the exercise of the police power in such an ordinance is for the purpose of protecting the buyer from short weights by the seller. In this case the delivery of goods is made upon the order of the owner from a place in Indiana to its premises in Illinois, and does not come within the provisions of the ordinance, unless the contention of the city is correct, that the ordinance required appellant, when he undertook to deliver coal from outside the city, to unload it when he reached the city limits, have it weighed, and then obtain a weight certificate. To our mind it seems clear that the city would have no authority to control sales made outside of the city, and especially sales in another State, as it is thoroughly established that municipal corporations, being creatures of the statute, have no inherent powers, and certainly none that may be exercised beyond the corporate limits of the city, unless especially given by statute. (*Higgins* v. *City of Galesburg,* 401 Ill. 87; *City of Rockford* v. *Hey,* 366 Ill 526; *City of Des Plaines* v. *Boeckenhauer,* 383 Ill. 475.) Therefore, if this ordinance is intended to apply to a buyer and seller, it would not apply to a person who sold outside of the limits of the city of Chicago for delivery within it.

The proof shows that appellant did not buy or sell any coal; it shows that it was purchased by the Union League Club from an Indiana dealer. The evidence conclusively shows that appellant was hired only to deliver coal to the premises of the owner of the coal. This coal was located in the State of Indiana, and bringing it to the owner in Chi-

cago would constitute interstate transportation. (*Dahbke-Walker Milling Co.* v. *Bondurant*, 257 U.S. 282, 66 L. ed. 239.) The case cited also establishes that a regulation of this character is invalid as conflicting with the commerce clause of the constitution of the United States. (*McLeod* v. *Dilworth Co.* 322 U.S. 327, 88 L. ed. 1304.) Appellant therefore urges that he was improperly found guilty because: (1) he was not a seller of coal; (2) that as a hauler of coal it was delivered to him by the owner outside of the territorial limits of the city of Chicago; and (3) that it would be an unreasonable interference with the commerce clause of the constitution of the United States to hold, under such a state of facts, that an ordinance, forbidding the delivery of coal owned by an individual, from a place outside of the city to such owner at a place inside of the city, without a weight certificate, would be valid.

The appellee finally urged before the trial court that it made no difference whether the sale of coal was made outside of the State, if such owner desired to deliver the coal in the city of Chicago it would be necessary to have the coal dumped to get the tare, then reweigh it to get the gross, and that this was not an unreasonable provision; and further, that if the Chicago dealers were compelled to weigh empty, anybody who wanted to do business in the city of Chicago had to do likewise. No authority is offered for this proposition. In *Yarger* v. *State*, 175 Md. 220, 200 Atl. 731, it is held that a statute which required the unloading, weighing, reloading, and reweighing of material transferred in interstate commerce was unreasonable and unnecessary and an unlawful restraint upon interstate commerce. The same was held in the *Bondurant case*, cited above.

The appellee suggests that it is a reasonable police regulation to protect the buyer, but here there is no buyer to protect, since he owns the property and he needs no pro-

tection, and since he hires the hauler merely to transport his own property and make delivery to his own premises. Surely the city of Chicago has no authority to control purchases beyond its territorial limits, and certainly it is unreasonable and arbitrary to say that the owner of coal which he places upon a hauler's truck requires protection when he superintends his own purchase, and accompanies it from the place of origin to the place of delivery. The fact that this court has held the ordinance generally valid, as applied to sales and delivery of coal within the city to a consumer, does not apply to the situation presented to us here.

No decision has been called to our attention which would authorize the city to require a weight certificate under circumstances the same as or similar to those presented in this case. As a matter of fact the principal argument of counsel for appellee consists in the claim that the appellant has not presented his case so we have the right to consider it. As pointed out above, we think appellee is mistaken in this respect, since the question here presents a matter of law, whether an interstate shipment may be subjected to a city ordinance where no sale is involved, but merely the transportation by a person hired for that purpose only. We are of the opinion, therefore, the court gave to this particular ordinance, the general validity of which has been upheld, an unconstitutional effect, and that the evidence fails to show that appellant came within the provisions of such ordinance.

The judgment of the municipal court of Chicago is, accordingly, reversed. *Judgment reversed.*

Mr. JUSTICE CRAMPTON took no part in the consideration or decision of this case.