(No. 34679.—

THE VILLAGE OF OAK PARK, Appellee, *vs.* DAWN HEPLER, Appellant.

*Opinion filed March 20, 1958.*

ALFRED ROY HULBERT, of Chicago, for appellant.

MOORE W. PEREGRINE, Assistant Corporation Counsel, of Oak Park, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Defendant, Dawn Hepler, was charged in the municipal court of the village of Oak Park, with having, on October 23, 1956, operated a rooming house at 328 South Euclid Avenue, in the village of Oak Park, without having obtained a license, in violation of an ordinance of that village entitled, "An Ordinance to License and Regulate Rooming Houses and Provide For Penalties for Violation Thereof." The cause was submitted to the court on stipulation of facts, and upon defendant's motion to dismiss, alleging the ordinance to be unconstitutional, the court overruled the motion, found the ordinance to be constitutional, found defendant guilty, and fined the defendant $10 and costs. The court's judgment and order was entered on November 4, 1957. From that judgment of conviction the defendant prosecutes her appeal directly to this court on certificate of importance, alleging and insisting that the ordinance, upon which the action is based, is unconstitutional.

The stipulated facts show that the building in question was erected in 1899 for the purpose of affording a home where the defendant's mother and her minor children could live, and to provide rental rooms on the second floor. Since the death of the mother the defendant has occupied the property as a rooming house.

The ordinance in question was not passed until 55 years after the erection of said building, and was passed under the authority given said village by section 23—87.1 of the Revised Cities and Villages Act. (Ill. Rev. Stat. 1957,

chap. 24, par. 23—87.1.) The village, by said statute, is given express authority to license, locate and regulate the use and construction of rooming houses.

The position of the appellant apparently is that said ordinance is unconstitutional because it is unreasonable and arbitrary when applied to the defendant's property. The basis of this contention is that a village is without power, in spite of the above statute, to pass an ordinance such as this which was intended to affect existing established property rights. A great number of cases are cited by the appellant to the effect that the owner of property has a right to use his property as he desires, limited only to the proper exercise of the police powers. *Lee* v. *City of Chicago*, 390 Ill. 306; *Western Theological Seminary* v. *City of Evanston*, 325 Ill. 511.

There is no question that the foregoing is the law. However, there is also no question that if the statute in the present case, on which the ordinance in question is based, is a valid exercise of the police power, it can be made to apply and does apply to the existing rooming house, although the building in which it is located antedates the enactment of such statute. *People* v. *Warren*, 11 Ill.2d 420; *Zelney* v. *Murphy*, 387 Ill. 492; *Clarke* v. *City of Chicago*, 159 Ill. App. 20.

The specific question of whether preexisting rooming houses are subject to regulation under the police power of the State, where the legislation thereon is of recent date, has not been decided in this State. Such a question has been before the courts in a number of other States, and has been held to be a proper subject matter upon which a State can exercise its police power. (*Central Savings Bank* v. *City of New York*, 279 N.Y. 266; 121 A.L.R. 607; 11 Am. Jur., Const. Law, p. 1051.) It is thus clear that the said ordinance is a constitutional enactment.

Defendant offered no evidence and made no showing as to what effect the ordinance will have on her operations

or her property. Ordinances are presumptively valid and the burden is on the party attacking their validity to show the invalidity. (*Gore* v. *City of Carlinville,* 9 Ill.2d 296.) Defendant has failed to meet her burden.

There is nothing in this record to show that said ordinance is unconstitutional generally or unconstitutional when applied to the defendant's property. Therefore the judgment of the municipal court is affirmed.

*Judgment affirmed.*