(No. 35930.—■■■■■■■■)

JOHN WEGLARZ *et al.*, Appellees, *vs.* THE VILLAGE OF VILLA PARK, Appellant.

*Opinion filed January 20, 1961.*

THOMAS A. MATTHEWS, and BYRON S. MATTHEWS, both of Chicago, for appellant.

JOSEPH A. DONOVAN, and KENNETH S. JACOBS, both of Wheaton, (ROBERT B. BENNORTH, of Wheaton, of counsel,) for appellees.

Mr. JUSTICE DAILY delivered the opinion of the court:

The village of Villa Park appeals from a judgment of the circuit court of Du Page County declaring its zoning ordinance unconstitutional as applied to the property of the plaintiffs, John Weglarz and his wife. The trial judge has certified that the validity of a municipal ordinance is involved and that the public interest requires the appeal to be taken directly to this court.

In April and October, 1958, plaintiffs purchased two vacant lots in the north part of the village. One is on the southwest corner of Plymouth Street and Princeton Avenue, and the other is four lots to the north. The three lots in between are occupied by a water tower and pumping station. In December, 1958, the village board adopted an ordinance rezoning a large area in the northern part of the village that had formerly all been zoned for two-family occupancy. Some was rezoned for commercial use, some for apartment use, and more, including the lots in question, for single-family use. In January, 1959, plaintiffs applied for a permit to construct a two-family duplex on each of the two lots they owned. The permits were denied.

The sole question presented is whether the restriction is unreasonable in its application to these two lots. The record shows they are about in the center of a large triangular tract bounded on the southeast by the Chicago and North Western railroad, on the west by Addison Avenue, and on the northeast by the Illinois Central tracks. Ardmore Avenue, a principal north and south thoroughfare now zoned for apartments, roughly bisects it. There are some 1100 lots in the entire area, of which 300 are improved with single-family homes, and 93 are either occupied by duplexes or covered by permits for such use.

The plaintiff John Weglarz is a builder by occupation and bought the lots, according to his testimony, in ignorance of the fact that hearings were pending on the matter of rezoning the area. The subject property is in a location where most of the surrounding lots are vacant. A few duplexes, but more single-family homes, are in the immediate vicinity. Testimony for the plaintiffs brought out that because of the adjacent water tower the lots are not suitable for single-family dwellings, and that their value for such purpose would be only about half the value as sites for duplexes. Witnesses for the village expressed the

opinion, on the other hand, that the lots had about the same market value for single-family as they did for two-family use; and that the erection of a duplex on either one would lower the value of single-family homes and sites in the vicinity.

On this appeal the village contends that because zoning is a regulation by district rather than by individual pieces of property, and because evidence was introduced that other properties in the neighborhood would be depreciated in value, the presumption of a reasonable relation to the objects of police power must prevail. It is true that zoning is by district rather than by individual parcels. But it is by reason of this very fact that relief is necessary in particular cases. By virtue of the very magnitude of the undertaking every aspect of its application cannot be reasonably provided for when a zoning ordinance as a whole is adopted. Limitations of time and facilities preclude a consideration in detail of each piece of property affected by its impact; and the project must of necessity be governed by factors of a broad and general nature. This does not mean, however, that the plan must remain frozen in its original shape, regardless of exceptional hardships which may later become evident in particular instances. The need for limited revision or exception as such cases appear has given rise to legislative provision for variations and other extra-judicial relief, as well as to the exercise of constitutional functions by a court where the facts warrant such relief. An exercise of this power in the present case cannot be foreclosed merely by the nature of zoning regulations as such.

In its contention on the evidence defendant urges, in a concise and clear fashion, that under well-established rules of zoning law the judgment of the village authorities should not have been set aside. The general rules of zoning law are so familiar as to be axiomatic, and their repetition is no longer necessary for an adequate disposition of questions such as that presented here. The issues in this type of

litigation are concerned not so much with the development of law as with variations in facts; and the basic problem, like that in negligence and compensation cases, is simply one of applying the same rules, over and over, to different factual situations. The rules relevant here were recently set forth in *Myers* v. *City of Elmhurst,* 12 Ill.2d 537 and in *La Salle Nat. Bank* v. *County of Cook,* 12 Ill.2d 40, where residential classifications were held void because of characteristics rendering the property unsuitable for such use, and because little gain to the public was shown by an enforcement of the restriction.

We think a similar result must follow here. Examination of the record reveals the usual conflict in the evidence, both as to the effect of the restriction upon the value of the plaintiffs' property, and as to the effect these duplexes would have upon surrounding properties. It is unnecessary to relate in detail the testimony of the witnesses, for we are satisfied that it sufficiently supports the judgment under review.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*