(No. 31028.—

WILLIAM L. PRINGLE *et al.,* Appellants, *vs.* THE CITY OF CHICAGO, Appellee.

*Opinion filed November 22, 1949—Rehearing denied Jan. 12, 1950.*

474

HARVEY K. COUSENS, of Chicago, for appellants.

BENJAMIN S. ADAMOWSKI, Corporation Counsel, (L. LOUIS KARTON, and SIDNEY R. DREBIN, of counsel,) all of Chicago, for appellee.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

William L. Pringle and Leighla Pringle, his wife, plaintiffs-appellants, filed a complaint in equity in the circuit court of Cook County to enjoin the city of Chicago from enforcing the provisions of a zoning ordinance in so far as the same prohibited the use of appellants' property as a two-family dwelling. They contend the ordinance, as it relates to appellants' property, is unconstitutional and void. The master found the facts and the equities to be with the appellants and recommended a decree. The chancellor sustained objections to this report and dismissed the cause for want of equity. The trial court certified that the validity of a municipal ordinance was involved and that in his opinion the public interest required a direct appeal. The record

discloses the constitutional question was not only presented to, but decided in, the trial court. Hence a direct appeal is authorized. *Schneider* v. *Board of Appeals,* 402 Ill. 536.

Appellants make no objection to the validity of the ordinance except in its application to their property. No question arises on the pleadings and there is little controversy in the evidence.

The salient facts established before the master are as follows: Appellants in 1923 purchased a lot and constructed thereon a single-family dwelling. Under the provisions of the zoning ordinance this lot was limited and restricted to a "single dwelling purpose." The house, located at 2215 West 110th Place in the city of Chicago, is a two-story dwelling, and appellants are currently using the second floor as a residential unit by renting to others.

The real estate is located in the south section of Chicago and lies near Bell Avenue between two important north and south thoroughfares, Hoyne Avenue on the east and Western Avenue on the west, and in what was formerly known as Morgan Park prior to its inclusion within the city limits of Chicago. The "block" in which appellants' house is located faces north on 110th Place. There are six single-family residences on the south side of the street, including appellants'. The south part of the lot is adjacent to a three-family dwelling which faces west on Bell Avenue.

The first floor of the residence consists of four rooms, the second floor, of three. During the war, appellants extended the water pipe from the first floor to the second floor, and provided cooking facilities on the second floor, which was occupied by appellants' daughter and son-in-law. Upon objections being made to this use as a violation of the single-family provisions of the zoning ordinance, appellants made application to the Board of Appeals, which denied the request for the variation. There were no changes in the outward appearances of the building. The only change inside was a door at the bottom of the staircase

leading to the second floor and a small partition in one of the rooms to make a kitchenette and dinette.

One block south, 111th Street is zoned for apartment use. The east half of the "square" block in which appellants' property is located is owned by Morgan Park Military Academy and consists of an athletic field with bleachers and is used as a drill ground, football field, other sports contests and cavalry training maneuvers. East of the drill ground, property on 110th Place is zoned for a considerable distance for use as single-family residences.

In the southwest corner of said "square" block there is a hospital and convalescent home, which is adjacent to appellants' south lot line. One Hundred Eleventh Street is heavily traveled, carries streetcar lines, and is highly commercialized with large stores, a skating rink, funeral parlor and a large apartment building, most of which are clearly visible from appellants' residence, there being a vacant lot south of the house.

Three buildings are located on the north side of 110th Place between Bell Avenue and Hoyne Avenue, one a two-apartment building, another a multiple-family dwelling, and the third, at the northeast corner of 110th Place and Bell Avenue, a family residence. North of appellants' residence and close to 110th Street is a church and a four-apartment building. There is a multiple-apartment building immediately north on the extension of Bell Avenue. On the East side of Hoyne Avenue between 110th Place and 111th Street there is a library and an art theatre.

Western Avenue is an important Chicago thoroughfare and is highly traveled. East of Western Avenue, 110th Place on both sides is zoned for business purposes for a distance of 125 feet. On the south side are a number of apartments, a grocery store and a single-family residence. On the north side of 110th Place between Western and Bell Avenues are located two-apartment buildings. A major portion of the "square" block on which appellants' house

is located is either zoned for apartments or is used for non-residential purposes. Nine out of fifteen houses be-- tween Western and Hoyne Avenues are used as two-apart- ment buildings.

The evidence establishes the proposed changes will not affect the exterior appearance of the building and that the improvements would appreciably enhance the value of ap- pellants' property and would not depreciate the property of the other owners in the immediate neighborhood. The master found the ordinance, in so far as it applies to ap- pellants' property, had no substantial relation to the health, safety, morals and welfare of the public; that the enforce- ment of the same in this particular case is an unnecessary and drastic regulation, which in a material manner contra- vened the property rights of appellants in violation of the constitution and was arbitrary and unreasonable; and that its enforcement would result in no gain to the public and a great hardship upon appellants. A temporary injunction had been issued, restraining defendant from proceeding or taking any action against appellants in the municipal court for violation of the ordinance.

Section II of the zoning ordinance defines a "Family Residence" as "a building separate from any other building by space, designed, arranged, used or intended to be used as one apartment." The master pointed out, under this definition, that owners of adjacent property, coming under the classification of "Family Residences," are permitted to derive income from several roomers or boarders and that segregating two families, or members of the same family, into separate apartments on the first or second floor with the additional facilities and privacies, would be no more inimical to public health and morals than if a single- family residence were operating with two or three roomers or families not related in any manner to the owners.

As stated, the appellants do not deny the validity of the general zoning ordinances but limit the issue herein

solely to the question of whether or not the particular regulation should be enforced under the special facts applicable to the case.

The power to enact zoning ordinances, imposing reasonable restraint upon the use of private property, is established beyond question or doubt. The right to use property is subject to the proper exercise of police power, and under such power zoning ordinances are adopted. This police power, however, is restricted to enactments having a substantial relation to the public health, safety, morals or welfare. Ordinances which fail to meet this test are invalid. Whether an ordinance has any such relation is subject to review by the courts, and highly injurious restrictions lacking a basis in the public weal come within the constitutional inhibition against taking private property for public use without just compensation. An ordinance in its general aspects may be valid yet, as applied to a particular property, special facts may exist to make the enforcement thereof an arbitrary and unreasonable injury to the owner and may result in unlawful confiscation. In such situation, as applied to the particular designated property, the ordinance is void. (*Schneider* v. *Board of Appeals*, 402 Ill. 536.) A complaint in equity to enjoin is a proper remedy to test the validity of a zoning ordinance. *Braden* v. *Much*, 403 Ill. 507.

It is readily apparent appellants' property is surrounded and characterized by property in the immediate neighborhood used for purposes other than single-family residences. The use sought here, in the manner desired, will not depreciate the property of the adjoining owners. The enforcement of the ordinance in this instance would result in no gain to the public when compared to the hardship it would impose upon the individual property of the appellants.

The plats and proof of the environs and locale bring the case within the doctrine that where the ordinance in question bears no substantial relation to the public health,

safety, morals or general welfare, as applied to the property in question, the regulation cannot be sustained. The ordinance imposes an unreasonable and unconstitutional restriction on the use of appellants' property. *Anderman* v. *City of Chicago,* 379 Ill. 236; *Harmon* v. *City of Peoria,* 373 Ill. 594.

The report of the master was substantially correct. The facts established as to the territory surrounding the appellants' property make the operation of the particular limitation void as to it and a decree should have been entered accordingly.

The decree of the circuit court is, therefore, reversed and the cause remanded for the entry of a decree in accordance with the views herein expressed.

*Reversed and remanded, with directions.*