(No. 33209.—

Daniel C. Whitsel, *et al.,* Appellees, *vs.* The County of Cook, Appellant.

*Opinion filed November 18, 1954.*

John Gutknecht, State's Attorney, of Chicago, (Gordon Nash, James C. Murray, and Martin Handelman, of counsel,) for appellant.

Tuohy & Quinn, of Chicago, (Daniel D. Tuohy, of counsel,) for appellees.

Mr. Justice Klingbiel delivered the opinion of the court:

Daniel C. Whitsel and Frank E. Wardecker, trustees of the Arthur T. Galt Trust, filed a complaint in the circuit court of Cook County against the county of Cook, seeking judgment declaring section 17 of defendant's zoning ordinance unconstitutional and void as applied to plain-

tiffs' property, and enjoining defendant from enforcing the ordinance against them. Defendant's answer included a plea of *res judicata,* which was stricken on motion of plaintiffs. Defendant then withdrew other portions of its answer, electing to stand on the defense of *res judicata,* and the court entered judgment in accordance with the prayer of the complaint. Defendant appeals directly to this court, on the ground that the constitutional validity of an ordinance is involved. The sole question presented and argued is whether the suit is barred by *res judicata.*

At the outset we are faced with a suggestion by plaintiffs that since the only issue is whether the plea of *res judicata* was improperly stricken, only the validity of a judgment is involved and hence this court lacks jurisdiction. We cannot agree. The record discloses that the constitutional question was not only presented to but decided by the trial court, and that its judgment expressly found the ordinance to be in violation of several constitutional provisions therein referred to. That this result was possible only because the court first decided the suit was not barred by *res judicata* does not support the conclusion urged by plaintiffs. Invalidity of the ordinance was the primary object of the suit. It is the result sought and the effect of the judgment, rather than the method whereby it is attained, that determines the matter of jurisdiction. (See *Progressive Party* v. *Flynn,* 401 Ill. 573, 579.) We think a direct appeal is authorized.

Section 17 of the Cook County zoning ordinance provides that "Every part of a building or structure hereafter erected or relocated shall be located or set-back from the established centerline of every Federal Aid, State Bond Issue, State Aid and section line road or street at least 80 feet; from the established centerline of every half section line road or street at least 70 feet; and from the established centerline of every other road or street fronting a lot or building plot, at least 63 feet, provided that where

special set backs are noted on the Zoning Plan, such special setbacks shall be observed." Plaintiffs own an 80-acre tract of land in unincorporated territory in Proviso Township, Cook County. The land is bordered on the north by North Avenue, a State Bond Issue road; on the east by First Avenue, a State Aid road; and on the west by Ninth Avenue, a section line road. The property is also intersected by a public thoroughfare known as Fifth Avenue, a State Aid road. The complaint alleges that under the provisions of the ordinance plaintiffs are unable to use their property along such avenues without complying with the 80-foot setback or building line; that the 80-foot setback requirement does not promote public health, safety, morals, comfort, or general welfare, but destroys the value of plaintiffs' land without benefit to anyone; and that it is unconstitutional and void in so far as it relates to plaintiffs' property.

The defense in question alleges that the action is barred by the judgment in *Galt* v. *County of Cook,* 405 Ill. 396, where the plaintiffs' grantors successfully challenged the 130-foot special building or setback line established by the same section of the ordinance for property along North Avenue. Defendant argues (1) that in the case cited the constitutionality of the entire section 17 was challenged, and the effect of the decision was therefore to uphold as valid all of the section except the provisions held invalid; and (2) that in any event the doctrine of *res judicata* extends not only to questions actually litigated and decided but to all grounds of recovery or defense which might have been presented; and since the validity of the 80-foot setback requirement could have been questioned in that case, plaintiff is barred from doing so now.

We can find no merit in either of the contentions. Examination of the pleadings in the former case shows that the issue was confined to the validity of provisions establishing a setback line of 130 feet, and that the relief

prayed by plaintiff was directed to such provisions. We expressly recognized the limitations on the issues in the former case, where we observed: "Plaintiffs do not deny the authority of the county to establish building lines nor have they challenged the 80-foot building line applicable to State-bond-issue roads generally. They simply contend that the special setback restriction of 130 feet is arbitrary and discriminatory and was imposed in anticipation of condemnation in order to reduce the costs of acquiring the property." (See *Galt* v. *County of Cook*, 405 Ill. 396, at 405.) In the case at bar, on the other hand, the plaintiffs are attacking the validity of the 80-foot setback provisions, which apply not only to the property along North Avenue, involved in the prior case, but also to property along First, Fifth, and Ninth Avenues, none of which was involved in the former suit. Clearly, a decision invalidating a 130-foot setback requirement does not answer any question about the validity of an 80-foot setback requirement. Former adjudication, to constitute a bar, must have been of what was actually in issue, and the determination thereof must have been essential to the judgment. (*Fineman* v. *Goldberg*, 329 Ill. 507; *White* v. *Sherman*, 168 Ill. 589.) Since the former judgment involved a different issue, it does not preclude plaintiffs in the present suit from questioning the validity of the 80-foot setback provision.

It is true, as argued by defendant, that where the second suit is upon the same cause of action and between the same parties or their privies as the former action, the doctrine of *res judicata* extends not only to questions actually litigated and decided, but to all grounds of recovery which might have been presented. (*People* v. *Kidd*, 398 Ill. 405.) The case at bar, however, does not present the same cause of action involved in the *Galt case*. The claim there was that provisions imposing the 130-foot setback line were invalid as to the North Avenue property. The claim here is that different provisions, requiring an

80-foot setback, are invalid as to the North Avenue property and also as to property along First, Fifth and Ninth Avenues. It is evident that such a claim does not concern a ground which might have been presented in support of the former suit, but is an independent cause of action in itself.

Defendant has failed to show that prejudicial error was committed, and the judgment of the circuit court will therefore be affirmed.

*Judgment affirmed.*