(No. 34256.—

LA SALLE NATIONAL BANK OF CHICAGO, Appellee, *vs.* THE COUNTY OF COOK, Appellant.

*Opinion filed September 20, 1957.*

DAILY, J., dissenting.

BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (GORDON NASH, CHARLES D. SNEWIND, MARTIN R. HANDELMAN, ROBERT G. MACKEY, and EDWARD J. FLEMING, of counsel,) for appellant.

IRWIN J. ASKOW, and RICHARD JAMES STEVENS, both of Chicago, for appellee.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

Cook County, defendant in the trial court, has appealed directly to this court from a declaratory judgment of the circuit court of Cook County holding that the Cook County zoning ordinance, insofar as it applies to plaintiff's property, is unconstitutional and invalid.

Plaintiff's motion to transfer the appeal to the Appellate Court, First District, because the trial judge has not certified that in his opinion the public interest requires a direct appeal, was taken with the case and must be disposed of first.

An examination of the record reveals that plaintiff's complaint challenged the validity of the zoning ordinance as depriving plaintiff of its property without due process of law, as a taking of private property for public use without just compensation, and as denying equal protection of the laws, all of which questions involve a construction of the constitution as well as challenging the unreasonableness of the ordinance. The decree appealed from based its finding on those constitutional issues.

Section 75(1)(c) of the Civil Practice Act, as amended, (Ill. Rev. Stat. 1955, chap. 110, par. 75,) provides for a

direct appeal to the Supreme Court in cases in which the validity of a municipal ordinance or county zoning ordinance or resolution is involved and in which the trial judge certifies that in his opinion the public interest so requires. The comments of the Joint Committee on Illinois Civil Procedure on the 1955 amendment to this particular section indicates a legislative intention to place county zoning cases on a parity with cases involving the validity of a municipal ordinance. Smith-Hurd Ill. Anno. Statutes, chap. 110, par. 75, p. 66.

Numerous cases decided by this court have held that a certificate that a municipal ordinance's validity was involved is not necessary to give the Supreme Court jurisdiction on direct appeal if it appears from the record that a constitutional question is involved. (*City of Watseka* v. *Blatt,* 381 Ill. 276; *City of Monmouth* v. *Lawson,* 408 Ill. 284; *City of Chicago* v. *Cuda,* 403 Ill. 381; *Pringle* v. *City of Chicago,* 404 Ill. 473.) In *Whitsell* v. *Cook County,* 4 Ill.2d 269, which involved a case comparable to this arising prior to the current amendment, the court held the appeal proper where the record disclosed that a constitutional question was not only presented to, but decided by the trial court. In our opinion section 75(1)(a) of the Civil Practice Act (Ill. Rev. Stat. 1955, chap. 110, par. 75,) authorizing direct appeals in all cases in which a construction of the constitution is involved, warrants the present appeal and plaintiff's motion is not well taken.

The property in question is owned by plaintiff as trustee, and is situated in unincorporated territory near Des Plaines at the southeast corner of the intersection of Dempster Road and Rand Road. Both roads are heavily traveled four-lane arterial highways with traffic exceeding 15,000 vehicles per day. The property is a vacant, low-lying triangular-shaped piece of land, the blunted apex of the triangle at the road intersection measuring about 55 feet. The base of the triangle is a drainage ditch about 356 feet long running

between Dempster and Rand roads. The tract has approximately 566 feet frontage on Dempster and about 368 feet on Rand Road.

The zoning ordinance of Cook County zones the subject property as R-4, which restricts the use thereof to single family residences, each one on a building plot or lot not less than 60 feet average width and 10,000 square feet in area, and to those uses permitted in R-3 districts.

Two experts and one of the beneficial owners testified for plaintiff, while one expert was the sole witness for defendant. From this testimony it appears that west of the property on Dempster Road are a factory and office building of Singer Sewing Machine Company; an old foundry used partly as a warehouse and garage and partly for commercial and industrial purposes; a plant of Precision Tool Company; a Veterans of Foreign Wars recreational building; a park district civic center; a General Box Company factory, and the Little Fuse Company factory. On Rand Road to the northwest of the property are a tavern and package goods store; a wholesale greenhouse, and residences converted to real estate offices and photographic studios. East on Dempster Road are a vegetable and fruit stand; a church, and a small farm. To the south on Rand Road is a 40-acre tract zoned for a shopping-center use. Interspersed along the roads in each direction are various houses and vacant lots. The Forest Preserve District area is north of the property. The plaintiff desires to erect a gasoline service station on its property.

Plaintiff's expert witnesses testified that the highest and best use of the property was for commercial purposes; that if used for residences according to current zoning the property was worth $8000 to $10,000; that if used for business purposes it would be worth $30,000 to $40,000; that the property is not suitable for homes because it is at a heavy-traffic intersection, is low, irregularly shaped, adjacent to two four-lane heavy-traffic roads and to a deep ditch; that

there are no sidewalks in the area; and that there has been no residential development in the section. It was also testified that commercial improvement would have no harmful effect on neighboring property but would benefit it from increased taxes, additional light on the corner, elimination of some traffic hazards and increased income to the community. Existing residential uses would not be adversely affected, according to plaintiff's witnesses. The property has not been improved with water, sewers, or sidewalks, and no plans exist to provide the same, and has been vacant for the entire period it has been zoned for residences, even though the general area has enjoyed a substantial building boom. The tendency of the area is to go commercial.

Defendant's sole witness was a city planner who testified, in substance, that four or five houses could be built on the property and that if commercial use was permitted it would be inharmonious with residential development, attract additional traffic, create additional light glare, create a different atmosphere, attract billboard advertising and be detrimental to the nearby communities of Des Plaines and Park Ridge. He did not touch the question of value.

The master's report found that the zoning ordinance ignored the intermixed character of the neighborhood, surrounding uses, the traffic situation, and the highest and best use of the property; that there would be little gain to the public by limiting the use to residential purposes and a great financial loss to the plaintiff and that there are presently adverse factors to residential development; that the denial of nonresidential use to plaintiff's property was discriminatory since the ordinance classified for business use other properties at similar intersections; and that the ordinance was confiscatory, unreasonable and void as to the subject property.

On the basis of the master's report, a declaratory judgment, as prayed, was entered. Defendant urges as ground for reversal that the trial court's judgment and findings as

to the highest and best use of the property and the effect of the proposed use on the neighborhood and surrounding territory are not supported by the evidence and that the ordinance should have been sustained because of conflicting evidence.

It is well established that it is primarily the province of the municipal body to determine the use and purpose to which property may be devoted, and it is neither the province nor the duty of the courts to interfere with the discretion with which such bodies are vested unless the legislative action of the municipality is shown to be arbitrary, capricious or unrelated to the public health, safety and morals. *Wechter* v. *Board of Appeals,* 3 Ill.2d 13.

By the same token, however, if the restrictions imposed bear no real and substantial relation to the public health, safety, morals, comfort and general welfare, the ordinance is void. *Pringle* v. *City of Chicago,* 404 Ill. 473; *Hannifin Corp.* v. *City of Berwyn,* 1 Ill.2d 28; *Tower Cabana Club, Inc.,* v. *City of Chicago,* 5 Ill.2d 11; *Petropoulos* v. *City of Chicago,* 5 Ill.2d 270; *Krom* v. *City of Elmhurst,* 8 Ill.2d 104; *Regner* v. *County of McHenry,* 9 Ill.2d 577.

A zoning ordinance is presumptively valid (*Galt* v. *County of Cook,* 405 Ill. 396), this presumption may be overcome only by clear and convincing evidence (*Midland Electric Coal Corp.* v. *County of Knox,* 1 Ill.2d 200), and the burden of proof is on the plaintiff. *Krom* v. *City of Elmhurst,* 8 Ill.2d 104.

Even though the validity of each zoning ordinance must be determined on its own facts and circumstances (*Galt* v. *County of Cook,* 405 Ill. 396; *People ex rel. Alco Deree Co.* v. *City of Chicago,* 2 Ill.2d 350) yet an examination of numerous cases discloses that among the facts which may be taken into consideration in determining validity of an ordinance are the following: (1) The existing uses and zoning of nearby property, (*Krom* v. *City of Elmhurst,* 8 Ill.2d 104; *Forbes* v. *Hubbard,* 348 Ill. 166; *Lang-*

*guth* v. *Village of Mount Prospect,* 5 Ill.2d 49), (2) the extent to which property values are diminished by the particular zoning restrictions, (*Midland Electric Coal Corp.* v. *County of Knox,* 1 Ill.2d 200, 214; *Offner Electronics, Inc.* v. *Gerhardt,* 398 Ill. 265; *People ex rel. Kirby* v. *City of Rockford,* 363 Ill. 531; *Ehrlich* v. *Village of Wilmette,* 361 Ill. 213), (3) the extent to which the destruction of property values of plaintiff promotes the health, safety, morals or general welfare of the public, (*Chicago Title and Trust Co.* v. *Village of Franklin Park,* 4 Ill.2d 304, 306; *Krom* v. *City of Elmhurst,* 8 Ill.2d 104, 115; *Evanston Best & Co.* v. *Goodman,* 369 Ill. 207), (4) the relative gain to the public as compared to the hardship imposed upon the individual property owner, (*Hannifin Corp.* v. *City of Berwyn,* 1 Ill.2d 28, 36), (5) the suitability of the subject property for the zoned purposes (in this cause residences on 10,000 square feet), (*Langguth* v. *Village of Mount Prospect,* 5 Ill.2d 49, 54; *Petropoulos* v. *City of Chicago,* 5 Ill.2d 270, 274), and (6) the length of time the property has been vacant as zoned considered in the context of land development in the area in the vicinity of the subject property. *Krom* v. *City of Elmhurst,* 8 Ill.2d 104, 111-113; *Chicago Title and Trust Co.* v. *Village of Franklin Park,* 4 Ill.2d 304; *Petropoulos* v. *City of Chicago,* 5 Ill.2d 270, 274.

Much evidence was heard concerning traffic conditions, general character of the neighborhood, highest and best uses, valuations, etc. Each side produced expert witnesses to sustain its contentions. Difference of opinion does not render plaintiff's evidence unbelievable or require a finding that the reasonableness of the ordinance is debatable.

No one factor is controlling. It is not the mere loss in value alone that is significant, but the fact that the public welfare does not require the restriction and resulting loss. When it is shown that no reasonable basis of public welfare requires the limitation or restriction and resulting loss, the

ordinance fails and the presumption of validity is dissipated. (*Krom* v. *City of Elmhurst,* 8 Ill.2d 104.) The law does not require that the subject property be totally unsuitable for the purpose classified but it is sufficient that a substantial decrease in value results from a classification bearing no substantial relation to the public welfare.

After examining the record we are satisfied that the master in chancery and trial court were justified in their conclusions. There is naturally a conflict of testimony in cases of this nature and the credibility of witnesses is of great importance. The triers of fact are in a superior position to that of a reviewing court in such a situation. When testimony is contradictory in a trial without a jury the weight to be accorded testimony is a matter to be determined by the trial court and its findings will not be disturbed unless manifestly against the weight of the evidence. We believe the findings and judgment of the trial court are supported by the evidence and should be affirmed.

*Judgment affirmed.*

Mr. Justice Daily, dissenting:

I cannot agree that there is present in this case a "construction of the constitution" which, in the absence of the certificate required by section 75(1)(c) of the Civil Practice Act, serves to invest us with jurisdiction on direct appeal. Indeed, such an issue is neither discussed nor decided in the court's opinion which is, rather, confined to a factual determination of whether the ordinance bears a real and substantial relation to the public health, safety, morals or welfare. Nor do the assignments of error made in this court provoke a construction of the constitution for they are limited to the following: (1) The finding and judgment of the trial court are unsupported by the evidence; and (2) In view of the conflicting character of the evidence, the zoning ordinance should have been sustained.

Looking beyond the assignments of error to the pleadings and the judgment of the trial court, it is apparent that

the only question involved is the validity of the zoning ordinance as it applies to the appellee's property. It has been established in *American Smelting & Refining Co.* v. *City of Chicago,* 409 Ill. 99; *Village of Riverside* v. *Kuhne,* 397 Ill. 108, and *Pollack* v. *County of DuPage,* 371 Ill. 199, that such a question involves only the application and construction of the ordinance and does not present a constitutional question so as to authorize a direct appeal. That this is so is demonstrated by the instant case for the only office of the opinion adopted has been to make a factual determination of whether the zoning ordinance, as applied to appellee's property, bears a real and substantial relation to the public health, safety, morals or welfare. To make such a determination requires neither a construction of the constitution, nor a consideration of constitutional rights.

It is true that a zoning ordinance imposing unreasonable restraints upon the use of private property will offend the constitutional guarantees of due process of law, and it is likewise true that a zoning ordinance may be valid in its general aspects yet invalid as applied to a particular piece of property and a particular set of facts. However, the constitutional concepts and interpretations upon which the validity of the zoning ordinance must stand or fall, in either case, are so thoroughly established by the decisions of this court as to be no longer debatable. There is, therefore, in the absence of some new ground for constitutional attack, no need for this court to consider all zoning cases merely to determine if the facts show either a reasonable or an unreasonable restraint. Such factual determinations do not involve the fairly debatable constitutional questions upon which our jurisdiction must be founded.

For these reasons, therefor, and because the trial judge has not certified that the public interest requires a direct appeal to this court, I would grant the motion of appellant to transfer the cause to the Appellate Court.