CALVIN ARNOLD, Plaintiff-Appellee, *v.* THE CITY OF ROCKFORD, Defendant-Appellant.

Second District (1st Division)    No. 75-518

Opinion filed November 19, 1976.

A. Curtis Washburn, Stephen W. McCarty, and James G. Smith, all of Rockford, for appellant.

Reno, Zahm, Folgate, Skolrood, Lindberg & Powell, of Rockford, for appellee.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

The City of Rockford appeals from a declaratory judgment entered herein wherein the circuit court found the zoning ordinance of the City of Rockford was unreasonable and void as applied to the premises of the plaintiff. The court further found that the plaintiff was legally entitled to use said premises for the purpose of the erection of a one-story office building with off-the-street parking facilities, according to the plat plan attached and made a part of the declaratory judgment.

The property of the plaintiff is a rectangular vacant parcel of land on the west side of Alpine Road, a major four-lane highway located at the westerly edge of the City of Rockford. The premises has a frontage of 128.83 feet on Alpine Road with a depth of 300 feet, containing 38,700 square feet. The plaintiff proposes to erect a one-story office building with a brick exterior together with off-street parking facilities for 40 cars. The property is located immediately north of a small creek. Under the existing zoning ordinances of the City of Rockford the northerly portion of the property was zoned Multiple Family Residential (R-4) and the southerly portion of the property was zoned Commercial Community (CC). The plaintiff, in his petition for rezoning, sought the rezoning of the whole of the said property to Multiple Family Residential (R-4) with special use for office building (a special use under said classification being provided for in the Rockford Zoning Ordinance).

The property immediately south and adjoining the subject property is utilized commercially for a mini-putt golf range and a carry-out, fast food restaurant. The property immediately to the north of the subject property is zoned R-4 and is improved with multiple-family dwellings which front northerly on Eastridge Drive, the subject property herein lying to the rear of said multiple-family buildings. The property immediately across Alpine Road to the east is owned by Rockford College and is a wooded area. Immediately south of that area is a church, a McDonald hamburger stand, a pizza parlor and various other commercial uses. South of the subject property beyond the mini-putt golf range and fast-food restaurant is a vacant block zoned CC. Immediately south of this vacant block the area is zoned commercially and used for an automobile agency, service station and multiple commercial uses.

As is pointed out by the City of Rockford, the property located to the north of the subject property is zoned Residential. However, to the north of the residential area at some little distance, we again find commercial property.

At the hearing on the complaint herein it is to be noted that the assistant city planner for the City of Rockford testified for the plaintiff that his office recommended the zoning change as requested by the plaintiff and felt that it was compatible with the neighborhood. The traffic engineer for the City of Rockford also testified that his office recommended the traffic pattern for access to plaintiff's property. The City-County Planning Commission recommended to the Zoning Board of Appeals of the City of Rockford that the zoning be granted as requested. The Zoning Board of Appeals of the City of Rockford recommended that the zoning reclassification be granted. Lastly, it is to be noted that at the hearing on the request for the reclassification of the subject property no one objected. Nonetheless, in spite of the above, the City of Rockford refused to grant the zoning request for reclassification.

As the City of Rockford points out, there is a presumption of the validity of zoning ordinances. However, in the recent case of *Continental Illinois National Bank & Trust Co. v. Village of Libertyville* (1976), 42 Ill. App. 3d 516, 356 N.E.2d 177, this court pointed out that in zoning matters each case must be decided upon its own set of facts and circumstances. In *Aurora National Bank v. City of Aurora* (1976), 41 Ill. App. 3d 239, 244, 353 N.E.2d 61, 65, in discussing overcoming the presumption of validity of a zoning ordinance, this court stated that:

> "* * * when it was shown that no reasonable basis of public welfare requires the limitation or restriction and the resulting loss in the value of the property, the ordinance fails and the presumption of validity is dissipated. [Citation.] While if room exists for a difference of opinion, the legislative determination is conclusive [citation], differences of opinion do not require a

finding that the reasonableness of the ordinance is fairly debatable. Rather, the court must determine from all the facts whether the differences of opinion are reasonable and justifiable. [Citation.] And where the testimony in a trial without a jury is contradictory, the weight to be given to that testimony is a matter for the trial court and its finding will not be disturbed unless manifestly against the weight of the evidence."

In the instant case the evidence was not contradictory. The plaintiff's and the defendant's witnesses both testified to the same thing. The evidence was that the assistant city planner, the City-County Planning Commission, the City Zoning Board of Appeals and the city traffic engineer all approved and recommended the plaintiff's proposed use of the property. The proposed use of plaintiff's property would in no way be detrimental to the neighborhood in question. The property in question has remained unimproved for a number of years and the experts' testimony established that the highest and best use of the property would be the proposed office building. The existing use and zoning in the area is a mixture of commercial and residential. There is no clearcut line delineating the two. While the defendant states that Keith Creek is the dividing line and no property north of the creek is zoned CC, we point out that the plaintiff's lot immediately north of the creek is, in fact, zoned CC and that the shopping centers three blocks north of the plaintiff's property are also zoned CC. It was also established that the property in question takes its character from Alpine Road upon which it abuts, one of the busiest streets in Rockford and from the miniature golf business immediately south of the creek, with its high intensity lighting. Finally, under the existing zoning it was established that the property was worth somewhere between $39,000 and $52,000. Under the proposed plan the property would be worth somewhere around $116,000. While it is true there was no evidence of a substantial changing trend in the area, considering all of the other traditional factors in determining the validity of the zoning ordinance, we find that the plaintiff has established by clear and convincing evidence that there is no substantial relationship between the existing zoning and the public health, safety, morals or welfare. (*La Salle National Bank v. Cook County* (1957), 12 Ill. 2d 40, 145 N.E. 2d 65.) We, therefore, find that the presumption of the validity of the Rockford Zoning Ordinance was overcome by the plaintiff's proof that the existing zoning as applied to plaintiff's property is unreasonable, arbitrary and confiscatory and that plaintiff's proposed use is reasonable. The evidence supports the trial court's judgment. We affirm.

Affirmed.

SEIDENFELD and RECHENMACHER, JJ., concur.