320

DONALD B. PIERSON, SR., *et al.*, Plaintiffs-Appellants, *v.*
THE COUNTY OF HENRY, Defendant-Appellee.

Third District    No. 80-144

Opinion filed February 19, 1981.

D. J. McRae, of Kewanee, for appellants.

William K. O'Connor, State's Attorney, of Cambridge (Larry S. Vandersnick, Assistant State's Attorney, of counsel), for appellee.

Mr. JUSTICE HEIPLE delivered the opinion of the court:

This appeal arises from an action to invalidate the Henry County Zoning Ordinance as it applied to a certain 20-acre tract of land. The suit was commenced by the Piersons, who are the property owners.

The Pierson property is situated seven-tenths of a mile outside of the city limits of Kewanee in Henry County. Of the 20 acres, less than half are tillable, the rest being timber and large brush. Pierson thought it more profitable to subdivide the land into 10 lots. Accordingly, he had a pre-

liminary subdivision plot made. The plot shows the proposed 10 lots varying in acreage from approximately 1 to 3 acres. Since the area is zoned by the Henry County Zoning Ordinance for agriculture, which use prohibits such a residential subdivision, the Piersons applied to the Henry County Zoning Board of Appeals to rezone the property as R-1 Country Home District (residential). The Henry County Zoning Ordinance, article VI, section 6.1 *et seq.* (revised June 12, 1979), in relevant part reads as follows:

> "Only the following uses are permitted in the R-1 [country home] District:
>
> * * * one family dwellings * * * [with] a minimum of one acre of lot area for each dwelling * * *."

Their application was denied, and thereafter the Henry County Board unanimously denied the rezoning. The Board stated its action was taken to avoid conflicts which would arise from having a subdivision in an agricultural area.

The Piersons then filed their complaint for declaratory judgment in the circuit court of Henry County. The complaint alleged that the denial of rezoning bears no reasonable relationship to the health, welfare, safety and comfort of the public, prevents the development of the said property for its highest and best use and that the zoning ordinance is therefore invalid and unlawful as applied to their property.

From the uncontroverted testimony in the record and as previously noted, less than half of the 20 acres are tillable. The remaining acreage is timber and big brush. Also uncontroverted is the fact that six residences are across the road north of the Pierson property. East and west of the Pierson property are several other residences. This land is also zoned agricultural. While these are nonconforming uses preceding the zoning ordinance, the actual use of almost all of the property across from the Pierson frontage is residential. The land to the east of the Pierson tract is zoned manufacturing. However, there is no manufacturing in the area. Situated therein is an animal sale barn, a nonconforming use existing before the zoning ordinance.

South of the Pierson property is an area zoned R-1 Residential and R-2 Residential.

In addition to the zoning ordinance, Henry County adopted by resolution in 1970 the Henry County Land Use Plan. The Pierson 20-acre tract is well within the proposed residential development area which is approximately a mile and a half around the City of Kewanee.

Testimony from the trial also adduced the fact that the Pierson property if used as zoned, agriculture, was worth $2,500 to $3,000 per acre. If used as proposed by Pierson, it would be worth $8,000 per acre.

After taking evidence and reviewing briefs filed by the parties, the

trial court found: (1) that the issue in the matter is whether or not there is a rational basis on which the county board's refusal to rezone can stand; (2) that the nature of the surrounding property and road conditions are such that the action of the county board was not unreasonable.

Accordingly, judgment was entered for the county board.

The Piersons urge as grounds for reversal two main points: (1) that the trial court erred in applying a rationality test to the county board's action in denying rezoning of their property; (2) that when applying the proper test to the facts, it is shown by clear and convincing evidence in the record that the presumptive validity of the zoning ordinance has been overcome.

We agree.

The trial court in its final order revealed that it was applying a test of rationality to the county board's action. Such test is not the law in Illinois. ■■ It is well established that a zoning ordinance is presumptively valid. This presumption may be overcome only by evidence clear and convincing that the restrictions imposed bear no real and substantial relation to the public health, safety, morals, comfort and general welfare. The courts will not interfere with the discretion with which the municipal body is vested to determine appropriate land use unless such actions bear no substantial relationship to the general welfare.

■■ The issue in this matter then, is not whether there is a rational basis on which the action of the county board can stand as the trial court erroneously stated. The issue is rather whether the county board's action in refusing to rezone the Pierson 20-acre tract residential bears a substantial relationship to the public health, safety and welfare.

Our supreme court has delineated the factors to be evaluated in making this determination. They are:

(1) The existing uses and zoning of nearby property;

(2) The extent to which property values are diminished by the particular zoning restrictions;

(3) The extent to which the destruction of property values of plaintiff promotes health, safety, morals or general welfare;

(4) Relative gain to the public as compared to the hardship of the individual property owner;

(5) Suitability of the property for the zoned purposes; and

(6) length of time the property has been vacant as zoned.

*LaSalle National Bank v. County of Cook* (1957), 12 Ill. 2d 40.

In applying these factors to the instant case, we conclude that the presumptive validity of the Henry County Zoning Ordinance as applied to the Pierson property has been overcome.

The existing use of property adjacent to Pierson is predominantly residential. Although much of the land is zoned agricultural, the actual use

of almost all of the property across from the Pierson frontage is residential. The immediate zoning around the 20-acre tract is agricultural, but a short distance to the south is entirely residential. Further, it is not apparent that a 10-lot subdivision on a 20-acre wooded area would be incompatible with the agricultural property contiguous.

■■ The extent to which the Pierson property value is diminished by the agricultural zoning restriction is substantial. It is uncontroverted that if restricted to agricultural activities it would be worth $2,500 to $3,000 per acre. If rezoned residential, the estimated worth is $8,000 per acre. It is the law in Illinois that it is not the mere economic loss to the property owner which compels a finding of invalidity, but that whether such loss is utterly unrelated to any substantial public benefit to be derived. *Krom v. City of Elmhurst* (1956), 8 Ill. 2d 104.

There is no evidence in the record that the destruction of the Pierson property value by refusal to rezone residential would enhance the general public welfare. To the contrary, there is testimony that a small residential development on the 20-acre tract would tend to increase surrounding property values and that there is a need for such residential housing in the area which is less than a mile from the county's largest city.

It was argued that the public welfare is promoted by Henry County retaining its productive farm acreage. This court fails to see how the public will benefit by the continuation of agricultural zoning to this agriculturally miniscule 20-acre tract, less than half of which is suitable for its zoned use. Any benefit to the public is substantially outweighed by the hardship on the Piersons in maintaining the agricultural zoning.

■■ The evidence presented is clear and convincing that the legislative action of the Henry County Board in refusing to rezone the Pierson property to R-1 Country Home District (residential) bears no substantial relationship to the public health, safety, welfare or morals. The declaratory judgment complaint for relief should have been allowed by the trial court. Accordingly, the judgment for the Henry County Board is reversed. The relief sought is hereby granted permitting the Piersons to maintain, use and develop their premises under the R-1 Country Home District provisions of the zoning ordinance of Henry County.

Reversed.

ALLOY, P. J., and BARRY, J., concur.