LESTER E. WILLSEY, Plaintiff-Appellant, *v.* COUNTY OF WINNEBAGO, Defendant-Appellee.

Second District    No. 80-367

Opinion filed May 28, 1981.

Bernard P. Reese, Jr., of Reese & Reese, of Rockford, for appellant.

Daniel D. Doyle, State's Attorney, of Rockford (James M. Hess, Assistant State's Attorney, of counsel), for appellee.

Mr. JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff, Lester E. Willsey, appeals from the judgment of the circuit court of Winnebago County which denied his complaint for declaratory judgment and permanent injunction whereby he sought to declare a zoning ordinance of Winnebago County unconstitutional as applied to his property.

The zoning ordinance at issue restricted his property to R-1 usage (residential). On appeal, plaintiff urges that the judgment of the trial court was against the manifest weight of the evidence.

The controversy here focuses on plaintiff's desire to utilize a portion of his 6.9-acre premises for the storage of commercial truck trailers or truck tractors and uses incidental thereto. On March 20, 1968, plaintiff purchased the land in question which is located at 3101 North Central Avenue in an unincorporated area of Winnebago County. During that same year, plaintiff apparently unsuccessfully sought a permit to store semi-trailers on the property. At that time, the property was zoned for agricultural use. Thereafter, Winnebago County obtained an order permanently enjoining and restraining the plaintiff from utilizing the premises as a storage facility. The order was affirmed by this court on appeal in *County of Winnebago v. Willsey* (1970), 122 Ill. App. 2d 149.

In 1972, the neighborhood encompassing plaintiff's property was rezoned for R-1 use. Subsequently, in 1974, and again in 1977, plaintiff unsuccessfully sought a special use permit which would allow storage of semi-trailers on the property. Issuance of such a permit would have re-

quired that the property initially be rezoned CG (commercial-general). A special permit might then have been issued under the broader commercial classification. Following his unsuccessful attempts to secure a special use permit, plaintiff instituted the present declaratory judgment action seeking to declare the R-1 zoning unconstitutional as applied to his property.

At the hearing on the matter, plaintiff testified as to the allegedly commercial nature of the area surrounding his property. He stated that Kilburn Avenue on the south and Halsted Road on the north as well as Owen Center Road (also referred to as Central Avenue) are all heavily traveled roads which carry heavy truck traffic. Plaintiff also testified that numerous commercial and light industrial facilities were located within .4 mile of his property. Among others, he specifically referred to Thompson's contractor truck business, Dan's Construction Company, a paint contractor, a well drilling business operation, and an auto salvage yard, as well as a gas station, fruit stand, tavern and an antique shop. Plaintiff did state, however, that a number of these commercial enterprises were in existence prior to 1969. As such, their existence predated the subject zoning ordinance. Also, several of the businesses are apparently operated out of homes. Plaintiff did testify that several large-lot homes were located in the area in addition to a church, school, and a fire station.

George Allen, a realtor, testified that the highest and best use of Willsey's property would be for trailer storage. He based his opinion on the fact that (1) Willsey is in the truck transfer business and (2) his "general knowledge of what's going on in the neighborhood." Richard Herdklotz, a licensed real estate broker and certified real estate appraiser, testified that the character of the neighborhood is middle-class residential, mixed with some businesses within two to three blocks of Willsey's property. He stated that the highest and best use of the premises was for trailer storage as opposed to residential usage. He based his opinion on (1) the limited street frontage of the subject property which would render residential construction economically unfeasible and (2) the general "trend" toward light industry in the general area. Herdklotz believed that the trend of the neighborhood was toward light industry, and he could not recall any residential construction occurring within the last 10 years, whereas he was aware of at least two light industrial facilities during that period.

Eileen Hogshead, a Winnebago County zoning official, testified that she was very familiar with the neighborhood in light of the fact her children had attended the neighborhood school which is located across from and slightly to the north of the plaintiff's property, as well as because of her participation in neighborhood Girl Scout programs. She testified extensively as to the general residential character of the neigh-

borhood with specific reference to the numerous homes surrounding the subject property. David Noel, principal planner with the Rockford-Winnebago County Planning Commission, testified that in 1968, the planning commission, county planning commission and county board adopted a comprehensive plan which delineated the land use policy plan for the unincorporated areas of Winnebago County. The plan indicates that the areas surrounding the subject property are predominantly residential. Mr. Noel also testified that the planning commission recommended to the county zoning board of appeals that Mr. Willsey's petition for a commercial-general zoning of his property with a special use permit for the storage of commercial trucks and tractors be denied. He stated that that recommendation was primarily based on the incompatibility of the use proposed with the existing residential character of the neighborhood. Noel testified that the development of the area has been primarily residential in nature, and that the existing commercial structures are, with few exceptions, either far enough away from the neighborhood or they are nonconforming uses established prior to the rezoning. Furthermore, the traffic patterns on the streets adjacent to plaintiff's property are not inconsistent with residential neighborhoods. Moreover, he believes that the subject property was structured so as to be capable of residential development.

In light of this evidence, the trial court denied plaintiff's complaint for declaratory judgment and permanent injunction. This appeal followed.

■■ It is well established that the findings of a trial court in a zoning case will not be disturbed unless they are against the manifest weight of the evidence. (*Pioneer Trust and Savings Bank v. County of Cook* (1978), 71 Ill. 2d 510, 516-17; *La Salle National Bank of Chicago v. County of Cook* (1957), 12 Ill. 2d 40, 48.) Additionally, certain general rules have been developed regarding challenges to zoning ordinances. A presumption exists in favor of the validity of the zoning ordinance, and the burden of proving its invalidity falls on the one who attacks the ordinance. (*La Salle National Bank v. City of Evanston* (1974), 57 Ill. 2d 415, 428.) To overcome this presumption, the challenging party must establish by clear and convincing evidence that, as applied to their property, the ordinance is arbitrary and unreasonable and has no substantial relation to the public health, safety, comfort, morals or welfare. (*La Salle National Bank v. City of Evanston* (1974), 57 Ill. 2d 415, 428; *Tomasek v. City of Des Plaines* (1976), 64 Ill. 2d 172, 179-80; *Kellett v. County of Du Page* (1967), 89 Ill. App. 2d 437, 442.) Where it appears from all the facts that room exists for a difference of opinion concerning the reasonableness of a classification the legislative judgment must be conclusive. *La Salle National Bank v. City of Evanston* (1974), 57 Ill. 2d 415, 428.

■■ The validity of each zoning ordinance must be determined on its own facts and circumstances. (*La Salle National Bank v. County of Cook* (1957), 12 Ill. 2d 40, 47; *Edward Hines Lumber Co. v. Village of Villa Park* (1976), 34 Ill. App. 3d 711, 714.) The court in *La Salle National Bank v. County of Cook* summarized the factors to be considered in determining the validity of a zoning ordinance:

> "(1) The existing uses and zoning of nearby property [citations], (2) the extent to which property values are diminished by the particular zoning restrictions [citations], (3) the extent to which the destruction of property values of plaintiff promotes the health, safety, morals or general welfare of the public [citations], (4) the relative gain to the public as compared to the hardship imposed upon the individual property owner [citation], (5) the suitability of the subject property for the zoned purposes, * * * [citations], and (6) the length of time the property has been vacant as zoned considered in the context of land development in the area in the vicinity of the subject property." (12 Ill. 2d 40, 46-47.)

As a general rule, no single factor is controlling. (*Ritter v. Village of Morton Grove* (1979), 70 Ill. App. 3d 640, 646.) Furthermore, these factors and the general standard of review enunciated above are also applicable to the denial of a special use permit. *La Salle National Bank v. City of Park Ridge* (1979), 74 Ill. App. 3d 647, 657.

■■ In reviewing the evidence adduced at trial, it is evident that the testimony conflicted as to the character of the neighborhood surrounding plaintiff's property. However, it appears to us that the weight of the evidence indicated that the neighborhood was resdential in nature. Furthermore, the mere fact that mixed uses or exceptions to the predominant character of an area exist does not require a finding that zoning which would preserve the predominant classification is in error. (*Wilson v. County of McHenry* (1981), 92 Ill. App. 3d 997.) This is particularly true where, as here, the defendant presented an expert witness who testified the property could be developed under the existing zoning into at least 10 lots and the use proposed by the plaintiff would have an adverse impact upon the surrounding residential uses. (*Tomasek v. City of Des Plaines* (1976), 64 Ill. 2d 172, 181.) Moreover, where the testimony at trial without a jury is contradictory, the weight to be given that testimony is a matter for the trial court. *First National Bank v. Village of Morton Grove* (1973), 12 Ill. App. 3d 589, 594.

We also point out that the testimony indicated that the zoning classification in this area was adopted pursuant to a comprehensive plan for the county. Illinois courts have increasingly accorded importance to the existence of a comprehensive plan in reviewing zoning cases. (*Wilson v. County of McHenry* (1981), 92 Ill. App. 3d 997; *Concerned Citizens for*

*McHenry, Inc. v. City of McHenry* (1979), 76 Ill. App. 3d 798, 804; *Parkway Bank and Trust Company v. County of Lake* (1979), 71 Ill. App. 3d 421, 426.) Additionally, although two realtors called by the plaintiff testified that in this specific instance the highest and best use of the property would be for trailer storage, "highest and best use" is not equated with the reasonableness of the zoning classification. *DeMarie v. City of Lake Forest* (1981), 93 Ill. App. 3d 357.

■■ In sum, we conclude the decision of the trial court was not against the manifest weight of the evidence, and we affirm the judgment of the circuit court of Winnebago County.

Judgment affirmed.

HOPF and LINDBERG, JJ., concur.