CITY NATIONAL BANK OF KANKAKEE, Trustee, *et al.*, Plaintiffs-Appellants. v. THE COUNTY OF KENDALL, a/k/a Kendall County, Defendant-Appellee.

Second District   No. 2—85—0073

Opinion filed February 11, 1986.

Daniel J. Kramer, of Yorkville, for appellants.

Dallas C. Ingemunson, of Yorkville, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiffs appeal from the denial of a declaratory judgment by which they sought to have a zoning ordinance of Kendall County declared unconstitutional and void as applied to their property.

Plaintiffs, Donald Bergman, and the trustee holding legal title to Bergman's land, City National Bank of Kankakee, sought to have a six-acre parcel of land rezoned from an A-1 agricultural classification to a R-1 residential classification. The Kendall County planning commission recommended approval of plaintiffs' application, as did the Kendall County zoning board of appeals. However, the Kendall County board denied plaintiffs' application. Plaintiffs then sought a declaratory judgment in the circuit court of Kendall County, requesting that the zoning ordinance as applied to their property be declared unconstitutional and void, and requesting that the court restrain the Kendall County board from preventing plaintiffs from rezoning and subdividing their parcel of land. This request was denied by the circuit court.

On appeal, plaintiffs contend that the Kendall County board acted arbitrarily and capriciously in denying their petition to rezone their property, and that the trial court improperly found that the zoning ordinance as applied to their property was valid.

■■ ■ A zoning ordinance is presumed valid, and the party attacking the ordinance bears the burden of proving its invalidity. (*Yusuf v. Village of Villa Park* (1983), 120 Ill. App. 3d 533, 544.) A person challenging an ordinance must establish by clear and convincing evidence that the ordinance, as applied to the property, is arbitrary and unreasonable, without substantial relation to the public health, safety or welfare. (*Tomasek v. City of Des Plaines* (1976), 64 Ill. 2d 172, 179-80.) Six factors, set forth in *La Salle National Bank v. County of Cook* (1957), 12 Ill. 2d 40, 46-47, are to be considered in making a determination as to the validity of the ordinance. These factors' are: (1) The existing uses and zoning of nearby property; (2) the extent to which property values are diminished by the zoning restrictions; (3) the extent to which destruction of the plaintiff's property value promotes the health, safety, morals or general welfare of the public; (4) the relative gain to the public as compared to the hardship to the property owner; (5) the suitability of the subject property for the zoned purposes; and (6) the length of time the property has been vacant as zoned, considered in the context of the development in the vicinity of the subject property.

While plaintiff Donald Bergman testified that he had surveyed the area within 1.1 miles of his parcel of land, and he found 30 single-

family residences, the evidence presented indicated that the property immediately to the south, east and west of the subject property was zoned and used for agricultural purposes. The property immediately to the north of plaintiffs' parcel of land was residential.

As to the second factor, Lonial R. Lovellette testified that he had appraised plaintiffs' land and that as presently zoned it had a value of $50,000. He further testified that if the property were rezoned to a residential classification, the property would be worth $80,000, and the rezoning would not have a detrimental effect on the neighboring property values. Lovellette was the vice-president of Millbrook-Newark Bank, and he testified that he performed real estate appraisals for the bank.

The next factor to consider is the extent to which destruction of the plaintiffs' property value promotes the health, safety, morals or general welfare of the public. In this regard, Mr. Lovellette and Gregg Gabel, the community development director for the city of Geneva, testified that while a single home would not have an adverse effect on the agricultural land around it, if a number of residences were allowed to be built, such residential use might have a deleterious effect on the agricultural land surrounding it. Bill Toner, a planning consultant, testified that residential use was inconsistent with agricultural use and sometimes had a deleterious effect on nearby agricultural lands. He testified that many times there are problems with trespassing, vandalism, and encroachment by those living in the residential area. This testimony is also relevant to the consideration of the fourth factor, the relative gain to the public as compared to the hardship of the property owner.

The fifth factor to be considered is the suitability of the subject property for the zoned purposes. Kathy Pielsticker, a district conservationist for the soil and water conservation district of Kendall County, testified that based upon data she had relating to plaintiffs' property in 1973, she concluded that the productivity would be 122 bushes of corn yield, based on a high level management. She also testified that in classifying the soil as prime or poor, her data indicated that the soil was 67% prime before 1972. However, due to excavation on the land by plaintiffs, there was a change in soil type and the soil was presently more eroded. While Gregg Gabel testified that the property would be best used for residential purposes, he indicated that a significant factor in his determination was the presence of the pond on the property. Lonial Lovellette testified that the driveway running through the property might hinder farming operations. We note that both of these problems with using the land for the purpose

for which it was zoned were brought about due to plaintiffs' own actions.

The next factor is the length of time the property has been vacant as zoned. The evidence shows that plaintiff, Donald Bergman, has been living on the property since he purchased it in 1974. The agricultural classification permitted one residence to be built on the parcel.

■ Considering all of the factors, we hold that plaintiffs failed to overcome the presumptive validity of the zoning ordinance as applied to the property. Plaintiffs use for the subject property violates the comprehensive plan of this area. Bill Toner testified that the county had adopted a plan which had agricultural preservation as its goal. A comprehensive plan is entitled to respect even though it is not sacrosanct. *Parkway Bank & Trust Co. v. County of Lake* (1979), 71 Ill. App. 3d 421, 426.

Further, even if plaintiffs had proved the zoning ordinance to be invalid, plaintiffs must also prove that the proposed use for the property is compatible and reasonable. (*Drogos v. Village of Bensenville* (1981), 100 Ill. App. 3d 48, 56.) Bill Toner testified extensively as to incompatibility between residential and agricultural properties, including that many odors and byproducts of an agricultural business are offensive to nearby residents, and that trespassing and encroachment are problems for farmers when residences are in near proximity to farms.

On this record, we conclude that plaintiffs have not overcome the presumptive validity of the legislative judgment, nor have they proved by clear and convincing evidence that the ordinance, as applied, is arbitrary, unreasonable and without substantial relation to the public health, welfare and safety.

Accordingly, the judgment of the circuit court of Kendall County is affirmed.

Affirmed.

SCHNAKE and STROUSE, JJ., concur.